### WILLIAM CUTTS *vs.* HORACE H. GORDON & *al.*

Where one of several defendants in an action of assumpsit pleads his infancy, and gives it in evidence upon the trial, the jury may find a verdict for the infant, and for the plaintiff against the other defendants; and judgment may be rightly rendered on such verdict.

This however is but an exception to the general rule, that if a plaintiff in an action of assumpsit declare against several, he must prove a promise by all the defendants, or he cannot maintain his action against any of them.

EXCEPTIONS from the Court of Common Pleas.

This was an action of assumpsit, and was tried before *Whitman C. J.* One of the defendants was defaulted. *Gordon* and *Haskell*, the other two defendants, pleaded the general issue, and filed a brief statement, alleging that *Haskell* was a minor at

Cutts *v.* Gordon.

the time the contract was made. Evidence was offered to show that *Haskell* was a minor. The counsel for the plaintiff requested the Court to instruct the jury, that they might find a verdict for the infant defendent, and a verdict for the plaintiff against the other defendant. *Whitman C. J.* declined to give this instruction, and instructed the jury, that if they found that *Haskell,* the alleged minor, was under age, that they must find a general verdict for all the defendants. A general verdict for all the defendants was returned. The counsel for the plaintiff excepted to the ruling of the Judge.

The case was argued in writing by *J. Appleton* and *S. H. Blake,* for the plaintiff, and by *J. B. Hill,* for the defendants.

*Blake,* in his argument, said that he did not deem a reference to many authorities, or much illustration, necessary in support of the exceptions. For however the law may be in England, the tone of American authority is so clear and so strong, that it is apprehended, this Court will not hesitate to listen to it. The case, *Hartness* v. *Thompson,* 5 *Johns.* 160, is a case exactly in point. The cases, *Tuttle* v. *Cooper,* 10 *Pick.* 287, and *Woodward* v. *Newhall,* 1 *Pick.* 500, are also in point, and go at some length into an examination of the principles, that lead to the sound conclusion to which the Court came in *New York.*

1. The question involved in the exceptions is one of practice and convenience. *Minor* v. *Mech. Bank,* 1 *Peters,* 46 ; *Cate* v. *Pecker, 6 N. H. Rep.* 418. The plaintiff ought not to be turned round and forced to commence a new suit.

2. It is said in some cases, that the plaintiff should *not enter a " nol. pros."* as to one defendant, and proceed against the rest, because it would leave no right to contribution. But the principle does not apply to this case, for infancy is an equally good defence in an action on the note, or for contribution.

3. Infancy is a personal privilege, which he may waive or enforce. 2 *Johns. R.* 279 ; 15 *Mass. R.* 272.

4. The contract of an infant is *voidable,* but *not void.* If therefore the infant avoids the note it is a defence occurring after the making of the contract, as much as bankruptcy in England. There when bankruptcy is pleaded by one, the plaintiff may enter a *" nol. pros.,"* as to him, and proceed against the rest.

*J. Appleton,* on the same side, to shew, that the Judge of the Court of Common Pleas erred in refusing to give the instruction requested, and in giving one opposed to it, cited as additional authorities, 6 *Dane,* 132; *Cole* v. *Pennell,* 6 *Randolph,* 179; *Tooker* v. *Bennett,* 3 *Caines,* 4; *Bates* v. *Russell,* 22; *Com. L. Repts.* 327.

In reply, he remarked, that the counsel for the defendants prefers the English rule to the American. The English rule is limited in its operation to matter of *subsequent discharge;* the American embraces cases, where an exemption is claimed *from incapacity to contract.* No possible reason can be given why different rules should be adopted in the two cases. The English rule is inconvenient and unjust. It places the plaintiff on the horns of a dilemma. If the plaintiff sue both, he must be nonsuited on the plea of infancy. If he sue only the adult, he may plead in abatement the nonjoinder of the infant joint promissor, and thus defeat the action. It is not enough, that the plaintiff reply infancy, for no one but the infant can take advantage of this personal privilege. *Gibbs* v. *Merrill,* 3 *Taunt.* 307; cases in *Bigelow's Dig. Infancy, C.* The rule seems well settled in this country, and it is believed will not be changed, when the *only* consequence will be to create more suits, and make more expense. No examination therefore of the *English* cases cited for the defendants will be made.

*J. B. Hill,* for the defendants, in the course of his argument, took these grounds for sustaining the decision at the Common Pleas.

The question presented by the exceptions in this case is a question of pleading, and is to be solved by a recurrence to well established rules. It has been ruled from time immemorial in *England* in support of the verdict, and that ruling has been fully sustained by this Court. The question is simply this, whether the plaintiff is bound to prove his case, as he alleges it; whether having declared on a joint contract against two he can recover judgment, without amending his declaration, against one. To this rule the defence of infancy of one joint contractor forms no exception. For if a contract be proved to have been made by all the defendants, yet if in point of law it be not obligatory on

one of them, on the ground of infancy, coverture, &c. at the time it was entered into, the plaintiff must be nonsuit; and having commenced his action against too many parties he cannot avoid the objection by entering a *nolle prosequi* as to the infant, or *feme covert*, but must discontinue, and commence a fresh action, omitting such parties, in which case to a plea in abatement for the non-joinder of the infant, the infancy may be replied. 1 *Chitty on Pl.* 35; *Chandler* v. *Parkes*, 3 *Esp. R.* 76; *Viner's Ab. Action, D. d. Pl.* 8; *Tidd's Prac.* 631; *Gibbs* v. *Merrill*, 3 *Taunt.* 307; *Burgess* v. *Merrill*, 4 *Taunt.* 468; 2 *Saund. on Pl. & Ev.* 96; *Gould's Plead.* 280; *Lawe's Plead. in Assu.* 585; *Jaffray* v. *Freebairn*, 5 *Esp. R.* 47; *Chitty on Con.* 34; *Hammond on Parties*, 290.

But where one of the parties is discharged from his liability by matter subsequent to making the contract, as by his bankruptcy, the failure as to him does not prevent his recovering against the others. *Chitty on Pl.* 35. When the contract was not in fact, though it might be in form, as alleged, the plaintiff must begin *de novo*. 12 *Petersdorf,* 757.

The law in *England,* on this subject remains unchanged, for the same doctrine is laid down in a work of undoubted authority published in 1832. *Collyer on Partnership,* 425, 426. The law is considered the same in this country by *Judge Gould* in his work on *Pleading,* 280. The doctrine of the common law on this subject, as understood in *England,* has been adopted by this Court in the case of *Redington* v. *Farrar & al.* 5 *Greenl.* 379. It is the duty of Courts, when questions arise on points of law which have been decided, to declare what the law is, and to leave to the legislature to make new laws.

But the cases cited from *Pickering* do not go to the extent claimed in this case. In *Woodward* v. *Newhall & al.*, the plaintiff was only permitted to enter a *nolle prosequi*, as to the infant, amend his declaration, and proceed against the others. In *Tuttle* v. *Cooper* the question presented and decided by the Court was entirely distinct from the one now under consideration, which was but incidentally mentioned. It was wholly foreign to the subject then before the Court, and is not entitled to be called a decision. The claim set up in the case now under consideration is

for the plaintiff to try his chance for a verdict, against the infant, and if he fail in that, to have a verdict against two in an action of assumpsit against three, and without any amendment of the declaration.

In *Massachusetts* the plaintiff must make his election before the case is submitted to the jury, and their decision does not support the plaintiff.

The only case cited, which supports the plaintiff is that of *Hartness* v. *Thompson;* and that case is not only opposed to the principles of the common law; to the uniform current of *English* authorities, and to the law of pleading as laid down in this country by *Judge Gould,* but to a decision of our own Court.

The opinion of the Court was afterwards drawn up by

WESTON C. J. — It is a well established principle in the English law, that in assumpsit, where too many defendants are joined, the plaintiff must fail in his action, though he prove an express or implied promise against some of them ; and that the objection cannot be removed by discontinuing or entering a *nolle prosequi,* as to such as ought not to have been joined. And the same rule has been recognized by this Court, in *Redington* v. *Farrar et al.,* 5 *Greenl.* 379. There is, however, an exception to the rule, which is thus laid down by *Sergeant Williams* in note (2,) to *Salmon* v. *Smith,* 1 *Saunders,* 207 ; " if in such actions, the defendants sever in their pleas, as where one pleads some plea, which goes to his personal discharge, such as bankruptcy and the like, and not to the action of the writ, the plaintiff may enter a *nolle prosequi* as to him, and proceed against the others." But it has been ruled at *nisi prius,* in two English cases, *Chandler* v. *Parkes et al.,* and *Jaffray* v. *Freebain et al.,* cited for the defendant, that a plea of infancy is not within the exception. In *Gibbs* v. *Merrill,* 3 *Taunton,* 307, the Court seem to incline to the same opinion. But in *Burgess* v. *Merrill,* 4 *Taunton,* 468, which turned upon the same facts, *Mansfield C. J.* by whom the judgment of the court was delivered, says, no cases are found decided by the courts, upon consideration, upon this point. He then adverts to the two *nisi prius* cases, and decides that the action may be brought against the adult contrac-

tor only, overlooking the promise of the infant, which he considers as void.

But we have cases upon this point in this country, where the contract of an infant is regarded, not to be void but voidable, settled upon consideration. In *Hartness* v. *Thompson,* 5 *Johns.* 160, the court held, that where one of several defendants, in an action of assumpsit, pleads infancy, or gives it in evidence at the trial under the general issue, the jury may find a verdict for the infant, and proceed to judgment against the others. The same question was presented to the Supreme Court in *Massachusetts,* very soon after our separation, when the opinion of that court is to be regarded as high evidence of the law of both States. *Woodward* v. *Newhall et al.* 1 *Pick.* 500. *Parker C. J.* speaking for the court in that case, goes into an examination of the English authorities ; and he holds, that neither reason, justice nor principle require that the plaintiff should be turned round to a new action, where the objection of infancy is interposed by one of the defendants. The Chief Justice refers to the case of *Tappan et al.* v. *Abbot et al.* decided to the same effect by that court, before the separation ; and he cites with approbation the *New York* case, before referred to.

In *Tuttle* v. *Cooper,* 10 *Pick.* 281, *Shaw C. J.* after citing the English *nisi prius* cases, says, a different rule has been adopted in *New York* and in *Massachusetts,* as an exception however to the more general rule, which is recognized in both States, in conformity with the English practice.

The case of infancy appears to us to fall within the reason of the exception, as much as that of bankruptcy. It secures to the infant the full enjoyment of his privilege. The objection is purely technical. If *Lord Kenyon* and *Lord Ellenborough,* distinguished as they were among English jurists, have unnecessarily narrowed the exception, we are under no obligation to follow their example. The common law of both countries is derived from the same source. But the evidence of what it is, which is authoritative here, is to be found in our own judicial decisions. It should be remembered, that every member of the court, by whom the judgment in *Woodward* v. *Newhall* was pronounced, had been called to the bench, many years before the erection of

*Maine* into a separate State. If not then our Court, it had been a short time before. The law of both States was the same. If we hold the law to be otherwise here, it must be, because we are satisfied it was erroneously declared in *Massachusetts*. But appreciating as we do the reasons, upon which that decision was founded, and sanctioned as it is, by the authority of the Supreme Court of *New York*, we are of opinion, that it should be regarded also as the law of this State.

It is insisted, that if the action may be sustained against other defendants, the plaintiff should be holden at once to discontinue, or enter a *nolle prosequi* against the infant, as soon as the defence of infancy is set up ; but if he elects to try that question, and it is found against him, it shall defeat the whole action. It is the province of the jury to pass upon the facts in controversy, and of the court, to enter such judgment, as is warranted by their verdict. In general in assumpsit, if they find one defendant did not promise, no judgment can be rendered against either. But if they find, that one defendant made no binding promise, by reason of infancy, this forms an exception to that rule, and the promise of the others remains notwithstanding binding upon them. Why should the plaintiff be precluded from trying that question ? The protection of the infant does not require it. A *nolle prosequi* is justified and entered, because the objection of infancy is admitted. If tried, the fact is found. In either case, it appears from the record, why judgment is entered for one defendant for his costs, and in favor of the plaintiff against the others. The proof must conform to the declaration ; but the plaintiff is not required to prove all that he avers. If one defendant escapes on the ground of infancy, the plaintiff is entitled to judgment, if he proves the alleged promise made by the other defendants. Of this opinion were the Supreme Court of *New-York;* and we perceive no sufficient reason to question its correctness.

Upon the whole, the judgment of the Court is, that the presiding Judge of the common pleas should have instructed the jury, as requested, that they might find for the infant defendant, and for the plaintiff against the other defendant.

*Exceptions sustained.*