S. OLIN COLE, APPELLEE, v. WILLIAM H. MANNERS ET AL., APPELLANTS.

FILED APRIL 18, 1906. No. 14,290.

1. **Injunction:** IRREPARABLE INJURY. An injury which cannot be measured by any pecuniary standard, or which because of its nature or the financial condition of the wrongdoer cannot be adequately compensated in damages, is irreparable within the meaning of

the law, and one for which, ordinarily, there is no adequate remedy at law.

2. **Joint Obligors:** Defense of Infancy. The general rule that a valid defense as to one of two joint obligors inures to the benefit of both is subject to the exception that, when such defense is infancy, the infant may be discharged and a recovery had as to his co-obligor; and this exception applies although the obligee knew of the infancy when he took the obligation.

3. **Lease:** Injunction: Defense of Infancy. Ordinarily, a lease may be avoided by a tenant on the ground of infancy; but while in possession thereunder the plea of infancy is not available in a suit brought to restrain him from making use of his possession to inflict irreparable injuries upon his landlord.

4. **Pleadings and evidence** examined, and *held* sufficient to sustain the decree.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. *Affirmed.*

*Matthew Gering,* for appellants.

*Byron Clark, contra.*

ALBERT, C.

In what follows we shall refer to the appellee as the plaintiff, and to the appellants as the defendants, that being the relation in which they respectively stood to the record in the court below. In 1893, by an instrument in writing, the plaintiff leased certain of his lands to the defendants for the term of one year, beginning on the first day of March, 1904, reserving as rent two-fifths of all crops grown upon the cultivated land during the term and $3 an acre for the pasture land; the share rent to be delivered to the plaintiff in cribs or granaries on the premises, the cash rent to be paid October 1, 1904. By the terms of the lease the plaintiff also reserved to himself and his employees the right to enter upon the land for the purpose of cultivating, harvesting or doing anything necessary to preserve the crops or promote the growth; the expense in that behalf to be a lien on the defendant's share of the crops. A like

reservation was made for the purpose of making inspection of the premises, improvements thereon, and to plow for future crops. The lease also contains a provision requiring the defendant to destroy all cockle burrs on the premises before they produced seed. The following is also a part of the lease: "And it is further covenanted and agreed by and between the parties hereto that the parties of the second part shall secure the performance of the terms and conditions of this lease on their part by giving to the first party, on demand, a chattel mortgage upon all or any part of the crops growing or gathered on said premises during the said term, and if the said second parties shall refuse or neglect to give such chattel mortgage upon demand, or if they shall at any time give or attempt to give any other person or persons any lien upon said crops, or any part thereof, then this lease shall thereby terminate, and the said party may at once recover possession of said premises and all crops thereon, and the said second parties shall in that event be held and considered to have planted and cultivated said crop for the benefit of the said first party, and shall be paid for such services as follows: Said first party may sell said crop and the unexpired term for cash at a private sale, or he may, at his option, procure said crops to be further cultivated, or gathered and sold in such market as he may see fit, and in either event the proceeds thereof shall be applied, first, to the payment of expenses incurred by the said first party in the premises, including the time spent by him in connection therewith; second, to the payment of said rent; third, the remainder, if any, shall be paid to the second parties for their services in planting and tending said crops, and seed furnished by them."

In September, 1904, the plaintiff filed his petition against the defendants, in which he set forth the lease; that he had performed his part thereof; and further alleged, in substance, that the defendants refuse to permit him to enter upon the premises for the purposes mentioned in the lease, and will continue to do so unless restrained by the

court; that they have neglected and refused, and still neglect and refuse, to execute a chattel mortgage on the crops as required by the terms of the lease, although demand therefor had been duly made by the plaintiff, and have neglected to destroy the cockle burrs growing upon the land, and have refused to permit the plaintiff to enter upon the premises for that purpose; that they have threatened to remove their share of the crops from the land, leaving the plaintiff's share unharvested and uncared for, making it necessary for the plaintiff to enter upon said premises and to harvest the same at his own expense; that the defendants are insolvent and the plaintiff has no adequate remedy at law for their failure to keep and peform their part of the said lease. The prayer is for an injunction restraining the defendants from preventing plaintiff's entry upon the lands for the purposes mentioned in the lease and for specific performance.

A temporary order was allowed, after which the defendants answered. The answer admits the execution of the lease, the refusal of the defendants to execute the chattel mortgage therein provided for, but, as their reasons for such refusal, it is alleged that plaintiff's demand therefor fixed no amount for which the mortgage should be given, and that the defendants had complied with all the conditions of the lease, and had delivered to the plaintiff his share of the crop, except such as at the commencement of the suit were not matured. All allegations in the petition not admitted by the answer are denied. The defendant Lewis G. Manners alleges in avoidance of the lease that he is a minor under the age of 21 years. The plaintiff filed a reply which may be called a general denial.

The court found generally for the plaintiff, but also found that the liability to him under the lease would not exceed $175; that the same would be sufficiently secured by a lien on 500 bushels of the corn on the premises, and that the defendant Lewis G. Manners was a minor under the age of 21 years. A decree was entered enjoining the defendants from interfering with the plaintiff's entry upon

the land for the purposes mentioned in the lease, from disposing of the 500 bushels of corn, and requiring the defendant William H. Manners to execute a chattel mortgage thereon to the plaintiff as the security mentioned in the lease. The defendants appeal.

The principal contention of the appellants amounts to this, that the pleadings and the evidence are not sufficient to entitle the plaintiff to relief by injunction. This contention is based on three propositions, the first of which is that the plaintiff had an adequate remedy at law. The petition shows that the plaintiff had reserved the right to enter upon the premises from time to time for the purpose of inspecting them, making improvements, and preparing the ground for another crop; that the defendants, by threats of personal violence and intimidation, prevented him from coming on the premises for those purposes; that the defendants had agreed to give him a chattel mortgage on the crop, to secure the rent and other liabilities growing out of the lease, and that they had not only refused to do so, but were threatening to remove a large portion of the crops and allow the remainder to stand unharvested, and that the defendants are insolvent. The evidence is amply sufficient to warrant a finding of each of the foregoing facts, and those facts are sufficient to show that the plaintiff was threatened with injuries which could not be adequately compensated in damages and which would be difficult to measure by any pecuniary standard, and that the damages, even if ascertainable, could not be collected because of the insolvency of the defendants. Such injuries are irreparable within the meaning of the law authorizing the issuance of an injunction. *Eidemiller Ice Co. v. Guthrie,* 42 Neb. 238.

It is further insisted that when the defendant refused to execute the chattel mortgage the lease by its terms expired, and the plaintiff could have proceeded at law for the recovery of the possession. But, in view of the injuries threatened, ordinary proceedings at law, in our opinion, would not have been sufficiently prompt to afford an

adequate remedy. Before his rights could have been established at law, the crop might have been destroyed, removed from the premises, waste committed, the time for preparing the soil for another crop past, or the plaintiff irreparably damaged in other ways, which a court of law would be powerless to prevent.

Another proposition advanced in support of the contention that the plaintiff was not entitled to relief by injunction is thus stated in defendants' brief: "The lease upon which this action is based and predicated is the joint obligation of the appellants, possessing none of the elements of a joint and several contract. Severalty cannot, by any process of either construction or interpretation, be read into it, and, hence, a valid defense by one obligor inures to the benefit of the other, particularly where such defense was known to the party seeking its enforcement at the time of its execution." The learned gentleman advancing this proposition does not overlook the exception to the rule there stated, which is that, where one of two joint obligors is an infant, a recovery may be had against the other, and a discharge as to the infant. *Cutts v. Gordon,* 13 Me. 474, 29 Am. Dec. 520, and cases cited. He insists that the exception does not apply in this case, because the plaintiff knew of the infancy of one of the defendants when the lease was made. In support of this contention he cites several cases from this court, not one of which, however, goes beyond the proposition that the contract of an infant is voidable. None of them tend, even remotely, to support his contention that the exception above referred to does not apply in this case, nor have we been able to find any that so hold. On principle we can see no good reason why the exception does not apply in this case.

The third proposition, as we understand it, is that the injunction against Lewis G. Manners is erroneous because of his infancy. Counsel says: "The contract of an infant, being voidable at his election, cannot be made the superstructure (foundation) of an injunction." The law per-

mits infancy to be used as a shield, but not as a sword. The infant defendant, with his codefendant, is in possession by virtue of the lease. His infancy may protect him from the terms of the contract, but it certainly is not a license to use the advantages he obtained by virtue of his contract to commit torts and inflict injuries upon the plaintiff for which the law affords no adequate remedy. The decree does not undertake to bind him by the terms of the contract; it merely enjoins him from the doing of certain acts which would be wrongful if the contract were binding and in force, and *a fortiori* wrongful, if he be regarded as a mere trespasser instead of a tenant under a valid lease. The decree, in our opinion, was drawn with a careful regard for the rights of all the parties. It requires the adult defendant to do less than agreed to do, and enjoins neither from doing anything he has a lawful right to do; it enjoins no affirmative duty whatever upon the infant defendant.

It is recommended that the decree be affirmed.

JACKSON, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.