HAZEL WILLIAMS, APPELLEE, V. PATRICK B. RILEY, AP-
PELLANT.

FILED JULY 12, 1907. No. 14,815.

1. **Highways:** OBSTRUCTION: SUIT BY OVERSEERS. Overseers of high-
ways, being liable to a penalty for failure to keep the roads in
their district in good condition, may, when a road is obstructed
and the continuance of such obstruction threatened, maintain
injunction proceedings against the trespasser.

2. **Injunction:** EQUITY. The general rule that a court of equity will
not interfere to protect a legal right in property until the com-
plainant has established his title or right by an action at law
is subject to the exception that, where a right has been enjoyed
by the complainant for a long period of years, its violation will
be enjoined without the right being first established at law.

APPEAL from the district court for Custer county:
BRUNO O. HOSTETLER, JUDGE. *Affirmed.*

*Sullivan & Squires,* for appellant.

*A. P. Johnson* and *C. L. Gutterson, contra.*

DUFFIE, C.

Hazel Williams, overseer of road district No. 1 in Victoria township, Custer county, Nebraska, brought this action to restrain the defendant Patrick B. Riley from trespassing upon and obstructing a public road, and from placing or putting ·a fence therein. On the final hearing the injunction was made perpetual, and the defendant has appealed.

Riley is the owner of the southwest quarter of section 28, township 19, of range 21, in Custer county. It is alleged in the plaintiff's petition that in the year 1884 a

public road was regularly laid out, platted and opened, running north and south along the section line between said sections 28 and 29, the road being four rods wide, two rods on each side of the section line; that the road has been traveled continuously since 1884, and has been worked and graded by the overseer of said district ever since said date; that in 1905 the defendant, desiring to fence his land, dug post holes and set posts along what he claimed to be the east line of the road, but that many of the posts were set across said traveled road, the posts on the north being in the middle of the highway, and two rods west of the east line of the road where established in 1884 and used and traveled for more than 20 years; that plaintiff served notice upon the defendant to remove the posts and fill up the post holes, which he neglected to do, whereupon the posts were removed by the plaintiff in his official capacity as road overseer. Plaintiff thereupon filed this action. In his answer the defendant admits the establishment of a road at the time alleged in plaintiff's petition. He admits that he was about to inclose his land, and that the posts set by him were removed by the plaintiff. He denies that he had any purpose or intention of encroaching upon the limits of the road as laid out in 1884. He denies each and every other allegation of the petition. The court found that the defendant had commenced to fence the road as alleged in the petition; that it was his intention to complete said fence and to maintain the same in the road, and that when this suit was instituted the defendant was in the act of erecting said fence, which, if completed, would obstruct the public highway; further, that the public has openly and notoriously traveled the road sought to be fenced by the defendant for more than 15 years last past, and that the same was accepted and worked by the public authortities as a public highway during that time; that the defendant contested and defended this action, and claimed the right to build his fence over said road, and did not disclaim an interest therein.

It is first insisted by appellant that the plaintiff has no such interest as entitles him to maintain this action. As a general proposition this might be conceded, but, under the provisions of our statute, it is made the duty of the overseer of highways to keep the roads in his district in good repair and free from obstructions. Section 55, ch. 78, Comp. St. 1905, provides that, if he neglects to perform any of the duties imposed upon him by this chapter, he shall be liable on his official bond to pay a fine of not less than $5 nor more than $50 to be recovered by civil action before any justice of the peace in the county, at the suit of any citizen, for the benefit of the school fund. Complaint had been made to the overseer by those interested in the road that the same was being obstructed. The defendant refused to remove the obstructions, and appearances indicated that he intended to complete the building of the fence, and on the trial he insisted on his right so to do. Under these circumstances we think that the overseer had such a special interest as entitles him to maintain the action. He could not stand by from day to day to prevent the defendant from erecting his fence, and he was liable upon his bond unless he performed his duty and kept the road open and free from obstruction. It was surely better to apply to the court for an injunction against the defendant than to attempt with physical force to keep the road open. Unless one course or the other was adopted, he was subject to a fine, and the course adopted was the better and probably the most effective.

It is further urged that defendant's encroachment upon the road had been removed previous to the commencement of this action, and that there was then no existing, continuing or threatening nuisance or trespass to call for the interposition of the court. We cannot overlook the fact that Riley had commenced to obstruct a thoroughfare which had been traveled for more than 15 years; that he did this under a claim of right, insisting that the road encroached upon his land, and that the true line of the

road was something like two rods further west than claimed by the plaintiff; that upon his examination he stated that he did not intend to abandon any right that he had claimed, except "under the advice of good legal authority." This, we think, sufficiently showed his intention to continue in the alleged trespass. The evidence relating to the true location of the section line between sections 28 and 29 was very conflicting, and it is not entirely clear that the road as now traveled does not encroach upon the defendant's land. Defendant invokes the general rule that a court of equity will not interfere to protect legal rights in property until the complainant has established his title or right by an action at law, and he insists that, until the true location of the section line is shown, the court ought not to interfere by the extraordinary writ of injunction. The rule invoked, like all general rules, has its exceptions, and one of the exceptions to this rule is that, where a right has been enjoyed by complainant without interruption for a long period of years, its violation will be enjoined without the right being first established at law. *Falls Village W. P. Co. v. Tibbetts,* 31 Conn. 165; *Shirley v. Hicks,* 110 Ga. 516; *Jordan v. Woodward,* 38 Me. 423; *Olmstead v. Loomis & Graves,* 9 N. Y. 423; 22 Cyc. 820.

Because of the great length of time which the road has been traveled and worked by the public, the court was fully justified in interfering to prevent its obstruction, and we recommend that the decree appealed from be affirmed.

By the Court: For the reasons stated in the foregoing opinion, the decree appealed from is

AFFIRMED.