MARION O. AYRES, APPELLEE, V. GEORGE BARNETT ET AL., APPELLANTS.

FILED MARCH 14, 1913. No. 17,089.

1. **Injunction: TRESPASS: INSOLVENCY.** One who has repeatedly trespassed upon the land of another, and threatens to continue such trespass, may be enjoined from so doing; and the question as to whether or not the trespasser is insolvent is immaterial.

2. ———: ———: REMEDY AT LAW. An owner of real estate is not
    required to permit the devastation of his timber land by a tres-
    passer and seek relief in an action at law for damages. He may
    prevent such trespass by injunction.

3. Stipulations: EVIDENCE. The pleadings, and the stipulation of the
    parties in evidence, examined and set out in the opinion, *held*,
    that plaintiff was not required to show ten years' adverse posses-
    sion in order to entitle him to recover.

4. Evidence examined, and *held* ample to sustain the findings and
    decree of the trial court.

APPEAL from the district court for Dakota county: GUY
T. GRAVES, JUDGE. *Affirmed.*

*Paul Pizey* and *Alfred Pizey,* for appellants.

*R. E. Evans, contra.*

FAWCETT, J.

The controversy in this case is over a strip of land some
eight or nine rods in width, on the south line of lot 5,
section 32, township 29, range 9, in Dakota county. The
question is as to whether this strip is a part of lot 5 or a
part of the southeast quarter of the southwest quarter of
section 32, lying immediately south of lot 5. From a de-
cree of the district court, finding that the strip is a part
of lot 5, and perpetually enjoining defendant from tres-
passing thereon, defendant appeals.

The case was originally commenced against defendant
Barnett alone, but prior to the trial defendant Eimers
was brought in and an amended petition filed. In this
petition plaintiff alleges that he is the owner of lot 5 and
has been in possession of the same for more than 12 years
last past; that defendant Barnett "has entered upon said
premises and has cut and hauled away, and is cutting and
hauling away, and threatens to continue to cut and haul
away, and has appropriated and continues to appropriate
and threatens to appropriate, the timber which stood and
is standing upon said real estate;" that the chief value of
the real estate is in the timber; that if defendant is per-

mitted to continue he will cut down and destroy all of the growing and standing timber; that Barnett is insolvent; that plaintiff is wholly without adequate remedy at law; that the claim of Barnett is a cloud upon plaintiff's title; that defendant Eimers claims some interest, the exact nature of which is unknown to plaintiff, but that whatever its character "the same is without basis either in law or fact and is a cloud upon plaintiff's title." Plaintiff prays that defendants be restrained from claiming said real estate, from entering thereon, from cutting or hauling away any timber, trees or logs, or trespassing upon said premises; that plaintiff's title be quieted, and for general equitable relief. Defendant Barnett answered, admitting that there is a strip along the south side of lot 5 about nine rods in width "which defendant has laid claim to since the 1st day of March, A. D. 1909 (and before), claiming that said strip is a part of the south half of the southwest quarter of said section 32; and defendant further admits that he is in possession of said property and has been since the 23d day of January, A. D. 1909;" alleges that his claim to the property and his right of possession is based upon two contracts, which he sets out, and which are shown to have been executed to him by defendant Eimers; and denies all other allegations in plaintiff's petition; prays that the injunction asked for by plaintiff be denied and plaintiff's action dismissed; that plaintiff be forever enjoined from interfering with his right of possession of the strip of land in controversy, and for general relief. Defendant Eimers answered, alleging that he is the owner and in possession of that portion of the southeast quarter of the southwest quarter of section 32 embraced in his contract with defendant Barnett; that Barnett has entered into a contract of purchase and is in possession of the tract under such contract; and for further answer adopts the answer of defendant Barnett. For reply plaintiff said: "Comes now the plaintiff, and, for reply to the answer of the defendants, denies that he has ever been in possession of said property."

It is now contended by appellant that by the above pleadings plaintiff has admitted that defendant Barnett is in possession of the strip of land in controversy and that plaintiff himself has never been in possession of the same. While plaintiff's reply is rather carelessly worded, it is clear from an examination of the pleadings, as well as from the manner in which the case was tried, that the pleadings were not so construed at the time of trial in the court below. Plaintiff's petition does not admit that defendant Barnett at the time the suit was commenced was in possession of the land. The allegation is that the defendant has unlawfully and wrongfully entered upon said premises and trespassed thereon, and has cut and hauled away and is cutting and hauling away timber, etc. This is far from being an allegation that defendant Barnett was in possession of the land, and the fact that in his answer defendant alleges that he "admits that he is in possession of said property" will not impute any such character to plaintiff's petition. The statement in plaintiff's reply that he "denies that he has ever been in possession of said property," in the light of the pleadings and in the manner in which the case was tried, will bear no other construction than that the word "he" referred to defendant Barnett, and not to plaintiff.

At the beginning of the trial it was stipulated between the parties that plaintiff is the owner of the record title of lot 5, and that defendants are the owners of the record title of the land in the southeast quarter of the southwest quarter of section 32. The question therefore to be determined by the court was whether this controverted strip of land was in lot 5 or in the southeast quarter of the southwest quarter of section 32. The decree found and adjudged that plaintiff is the owner of lot 5; that he had been in exclusive possession of the same for more than 12 years next before the commencement of the action; that the strip of land in dispute, lying along the south side of said lot 5, is a part thereof as originally surveyed and platted by the United States government, and is the prop-

26

erty of plaintiff, and that he has been in the open, exclusive and adverse possession thereof for more than 12 years next before the filing of the action; that defendant Barnett since the 1st day of March, 1909, had claimed to be the owner, "has trespassed thereon, and has cut and threatens to cut the growing timber thereon, and that said Barnett is insolvent;" that neither of the defendants has any right, title, interest or claim to the strip of land in controversy or to the possession of the same; and that defendants be perpetually enjoined from trespassing upon the land or from claiming any right, title or interest in and to the same.

Defendant contends that the decree must stand or fall absolutely upon the question of the insolvency of defendant Barnett, and argues that the evidence is clearly insufficient to sustain the charge of such insolvency. We do not think this question enters into the case. If the land belonged to plaintiff, and Barnett had trespassed upon the same, and was threatening to trespass further by cutting down the timber, plaintiff was entitled to restrain him from so doing, regardless of the question as to whether or not he was insolvent. If he were worth a million, plaintiff would not have to submit to such trespass and content himself with an action for damages.

The second point urged is that plaintiff's remedy should have been by ejectment or an action for damages, and that he must show that these or similar remedies at law would be inadequate before the remedy by injunction could be resorted to. This contention is based upon defendant's construction of the pleadings already discussed and shown to be without merit.

The third point urged is that the evidence is insufficient to show ten years' adverse possession by plaintiff. We do not think any such burden rested upon plaintiff. Defendant having stipulated that plaintiff was the owner of the record title, it would rest upon him to show that plaintiff had been divested of his title by ten years' adverse possession on the part of defendant. This was not done or attempted to be done.

Defendant's fourth and last contention is that plaintiff has failed to establish the line between lot 5 and Barnett's land. Upon this point the evidence is conflicting. There is some controversy as to where the government corners were established. Several surveys have been made which do not agree. We deem it unnecessary to go into this evidence in detail, for the reason that we think it not only is sufficient to show that the controverted strip is in lot 5, as found by the court, but that it preponderates in favor of that finding. There can be no controversy as to the soundness of the authorities cited on both sides. The trouble with defendant's case is that the authorities cited by him do not fit the facts in this case.

Finding no error in the record, the judgment of the district court is

AFFIRMED.