OBERING ET AL. *v.* SWAIN-ROACH LUMBER COMPANY.

[No. 12,955.   Filed March 30, 1927.   Rehearing denied June 17, 1927.   Transfer denied December 20, 1927.]

1.   VENDOR AND PURCHASER.—*Contract for sale of land need not be as specific and complete as a deed.*—Less formality of description is required in a contract for the sale of real estate than is necessary in a conveyance, and if the contract contains all the facts except such as may be proved by parol, the instrument is sufficiently certain to be enforced.   p. 636.

2.   VENDOR AND PURCHASER.—*Parol evidence admissible to complete description in land contract.*—Where the description of the real estate is incomplete and its completion does not require the contradiction or alteration of the language used, nor that a new description should be introduced, parol evidence may be received to complete the description and identify the property. p. 636.

3. VENDOR AND PURCHASER.—*Situation and surrounding circumstances at time sales contract was executed may be shown by parol.*—The situation of the parties and the surrounding circumstances at the time a sales contract was executed can be shown by parol, so that the court may be placed in the position of the parties and can better understand the force and application of the language they used in stating the terms of their contract. p. 636.

4. VENDOR AND PURCHASER.—*Description of real estate held sufficient to bind the parties.*—A description of the real estate contracted to be sold as "tract No. 1, containing 170 acres known as the 'J. H. Buhner farm,'" to be offered for sale by the executor of the J. H. Buhner estate, was sufficient to bind the parties where the contract was drawn with reference to the executor's notice of sale, which gave a correct legal description. p. 637.

5. VENDOR AND PURCHASER.—*Contract dependent on condition becomes binding on performance of condition.*—Although a contract of sale is not binding on the parties at the time it is executed because dependent on a condition, it will become binding on both parties when that condition is performed. p. 637.

6. INFANTS.—*Disaffirmance of contract by infant, effect on co-obligors.*—Disaffirmance of contract to purchase land by one purchaser, on the ground that he was a minor at the time of its execution, would not release the other purchasers, since the defense of infancy is a personal defense, which can be taken advantage of only by the infant. p. 637.

7. APPEAL.—*Sustaining demurrer to paragraph of answer held harmless.*—The action of the court in sustaining a demurrer to a paragraph of answer could not have been harmful where the facts averred therein were provable under the general denial. p. 638.

8. SPECIFIC PERFORMANCE.—*Plaintiff's want of merchantable title may be shown under general denial.*—In a vendor's suit against a purchaser for specific performance of his contract to purchase real estate, plaintiff's want of merchantable title may be shown under the general denial. p. 638.

9. WITNESSES.—*Question not objectionable as leading.*—A direction to a witness to state "whether or not" a tract of land mentioned in a notice of sale was the same as the tract mentioned in contract sued on was not objectionable as leading, since it was in the alternative. p. 638.

10. APPEAL.—*Modification of deed by striking out name of infant grantee was harmless error to other grantees.*—In a suit by the vendors for specific performance of a contract to purchase real estate, where one of the purchasers had disaffirmed

the contract because of his infancy, the trial court's action in modifying the tendered deed by striking out the name of the infant grantee was harmless error, if any, as it inured to the benefit of the other grantees.   p. 638.

11.   SPECIFIC PERFORMANCE.—*Decreeing vendor's lien in specific performance of land contract by purchaser not error.*—In a suit by the vendor for specific performance of a contract to purchase land, the court did not err in decreeing a vendor's lien, though the contract did not provide for it, as the right to such lien is not dependent upon an express stipulation to that effect in the contract.   p. 638.

From Jackson Circuit Court; *Frank S. Jones,* Special Judge.

Suit by the Swain-Roach Lumber Company against Herman F. Obering and others for specific performance of land contract.   From a decree for plaintiff, the defendant named and another appeal.   *Affirmed.*   By the court in banc.

*John H. Kamman* and *Oren O. Swails,* for appellants.
*Montgomery & Montgomery,* for appellee.

REMY, J.—On January 10, 1923, the devisees of J. Henry Buhner, deceased, were the owners of three tracts of real estate.   One of the tracts consisted of 170 acres, the others of twenty-two and nineteen acres, respectively.   The executor of the last will of the deceased gave notice by publication that, pursuant to the terms of the will, he would, on January 20, 1923, sell the three tracts of land.   In his notices of sale, the executor gave the correct legal description of each tract, and in addition designated the three as tracts Nos. 1, 2 and 3, respectively, the 170-acre tract being designated as "Tract No. 1, known as the J. Henry Buhner farm." The 170-acre tract contained 110 acres of valuable timber.   Appellee was a corporation engaged in the manufacture of lumber, and desired to buy the timber for use in its business; and appellants, desiring to buy the

farm without the timber, signed and delivered to appellee the following contract:

"This agreement entered into this 10th day of January, 1923, by and between Herman F. Obering, his two children, heirs of the Buhner estate, and Swain-Roach Lumber Co., that in event Swain-Roach Lumber Co., buys tract No. 1 containing 170 acres known as the J. Henry Buhner farm, to be offered for sale January 20, 1923, by John F. Sunderman, Exr., that Swain-Roach Lumber Co. hereby agrees to sell to said Herman F. Obering and children said land reserving all the timber thereon, and that said Herman F. Obering and children agrees to pay for said land to said Swain-Roach Lumber Co. eight thousand dollars cash. It is further agreed that Swain-Roach Lumber Co. is to have four years time in which to remove said timber."

Appellee bought the farm, and the sale was confirmed by the court February 27, 1923. On the following day, appellee executed and tendered to appellants and Albert J. Obering a deed for the farm, reserving the timber, with right to remove it within four years, in accordance with the terms of the contract. Appellants refused to accept the deed, and this suit was begun by appellee against the appellants and Albert J. Obering for specific performance, setting forth in its complaint the above facts.

A demurrer to the complaint having been overruled, Albert J. Obering filed an answer pleading his minority at the time of the execution of the contract; and, in addition to an answer in denial, appellants Herman F. and Amanda M. Obering filed a second paragraph, in which they admitted the execution of the contract, but averred that, at the time the contract was signed by them and their codefendant Albert J. Obering, their codefendant was an infant, under the age of twenty-one years; that Albert J. Obering had pleaded his infancy

and disaffirmed the contract. A demurrer to this paragraph having been sustained, Herman F. and Amanda M. Obering filed what was denominated the sixth paragraph of answer, in which they alleged that, at the time of the execution of the contract, and at the time appellee tendered the deed, appellee did not have a merchantable title to the real estate. A demurrer to this answer was also sustained.

A trial resulted in a judgment for appellee against appellants.

The rulings on demurrer to complaint, demurrers to special answers, and on motion for new trial, present the questions for review.

The sufficiency of the complaint is first challenged for the reason, as claimed, that the contract sued on is too indefinite to be enforceable, it being pointed out that the section, township and range locating the real estate are not given.

Less formality of description is required in a contract for the sale of real estate than is necessary in a conveyance. It is a recognized rule in this state 1-3. that, where the description used by the parties in their contract is consistent, but incomplete, and its completion does not require the contradiction or alteration of that used, nor that a new description should be introduced, parol evidence may be received to complete the description and identify the property. *Tewksbury* v. *Howard* (1894), 138 Ind. 103, 37 N. E. 355; see, also, *Baldwin* v. *Kerlin* (1874), 46 Ind. 426. It is also a well-established rule that the situation of the parties and the surrounding circumstances at the time the contract was executed can be shown by parol, so that the court may be placed in the position of the parties, and the better understand the force and application of the language used by them. *Howard* v. *Atkins* (1906), 167 Ind. 184, 78 N. E. 665; Pomeroy, Contracts §227.

In the case at bar, the real estate is referred to in the contract as "Tract No. 1, containing 170 acres known as the J. Henry Buhner farm," to be offered for sale by the executor of the last will of J. Henry Buhner, deceased. Under the above rules and principles, it is clear that the real estate is sufficiently described to bind the parties, the contract having been drawn, as alleged in the complaint, with reference to the executor's notice of sale, which notice gave the correct legal description of the 170 acres and designated it as "Tract No. 1."

A further objection urged against the sufficiency of the complaint is that the agreement is invalid for want of mutuality. There is no merit in this contention. It is true that, at the time the contract was signed, it could not have been enforced against either party, because it was contingent upon a future event; but the moment appellee acquired title to the real estate, it became equally binding upon, and enforceable against, both parties. The principle is correctly stated in 36 Cyc 624, as follows: "The fact that defendant's offer does not ripen into a binding contract until the performance of some act by plaintiff, which act constitutes both an acceptance of the offer and supplies a consideration, as in the case of an agreement to convey land on condition of plaintiff's performing certain work, does not, at the performance of such act, render the contract objectionable in equity, on the score of mutuality in obligation."

The disaffirmance of the contract by Albert J. Obering on the ground that he was a minor at the time of the execution of the contract did not have the effect of releasing appellants from their obligation. It is a well-settled principle that the defense of infancy is a personal defense, which can be taken advantage of only by the infant, and where an

infant and an adult enter into a joint contract, or assume a joint liability, the adult is not absolved from liability on the obligation because the infant takes advantage of his right to avoid the contract. *Kirby* v. *Cannon* (1857), 9 Ind. 371; *Hartness* v. *Thompson* (1809), 5 Johns (N. Y.) 160; *Dacosta* v. *Davis* (1854), 24 N. J. Law 319; *Cole* v. *Manners* (1906), 76 Nebr. 454, 107 N. W. 777. The court did not err in sustaining appellee's demurrer to second paragraph of answer.

Action of the court in sustaining demurrer to appellants' sixth paragraph of answer could not have been harmful, since the facts therein averred were provable under the general denial.

On the trial appellee's attorney asked a witness the following question: "You may state whether or not Tract No. 1 in that notice is the same tract of land mentioned as Tract No. 1 in the contract?" The question is in the alternative, and appellants' objection to the question on the ground that it was leading, was properly overruled.

The deed tendered by appellee named appellants and Albert J. Obering as grantees; but Albert J. Obering having, on the trial, disaffirmed the contract, the court, on its own motion, as a part of the decree, modified the deed by striking therefrom the name of Albert J. Obering as grantee. Appellants could not have been harmed by this action of the court, which was for their benefit.

The court did not err in decreeing a vendor's lien. The right to such a lien is not, as claimed by appellants, dependent upon an express stipulation to that effect in the contract of sale. *Tewksbury* v. *Howard, supra.*

Affirmed.

Dausman, J., absent.