RALPH E. MORSE, APPELLANT, V. GEORGE COCHRAN, APPELLEE.

FILED JULY 8, 1936.   No. 29665.

*E. E. Richards,* for appellant.

*Hoagland, Carr & Hoagland, contra.*

Heard before GOSS, C. J., ROSE, GOOD, DAY, PAINE and CARTER, JJ., and YEAGER, District Judge.

PAINE, J.

Plaintiff brought action in equity to quiet title and enjoin defendant from trespassing upon a strip of land in dispute. Upon filing the petition, a restraining order was duly is-

sued. Defendant filed a demurrer, which was argued, and sustained by the court. The temporary injunction was dissolved, and the petition dismissed. Plaintiff appeals.

The petition, which is seven pages long, alleged in substance that Thomas McCormick homesteaded and received a patent on August 29, 1902, to the southeast quarter of section 17, township 16 north, range 42 west, in Garden county, Nebraska, and said McCormick deeded said land to the plaintiff; that the patentee had constructed a fence along his west boundary line, and had also planted a row of trees along said line, and had annually farmed the land up to the fence, and that since plaintiff bought the land on June 7, 1930, he has also tilled it up to said fence; that the plaintiff and his predecessor in title have been at all times for more than ten years, and continuously since August, 1902, in open, notorious, exclusive, adverse, actual, continuous, and uninterrupted possession of all of such lands up to the said west boundary line fence.

Plaintiff alleges that defendant, since July 31, 1934, has been the owner of 80 acres lying west thereof, and the defendant asserts that said west boundary line fence of plaintiff is not the true division line, but defendant claims it should be some two rods east thereof. Plaintiff further says that defendant has trespassed upon his lands by going on this strip of land and plowing furrows, building a fence, threatening to cut down and destroy the row of about 75 big trees planted along said boundary line many years ago, and that unless defendant is restrained he will commit said damage and trespass. Plaintiff therefore prays that defendant be summoned to show cause why the title to said strip of land be not established, quieted and confirmed in the plaintiff; that defendant be restrained from trespassing thereon, and for temporary restraining order until hearing can be had on the application for a temporary injunction.

The demurrer of defendant is as follows:

"1. That the complaint shows on its face that the complainant has an adequate remedy in a court of law and that

a court of equity cannot assume jurisdiction over the rights maintained by claimant in said petition.

"2. That said petition shows on its face that if complainant has any remedy it is by an action of ejectment at law.

"3. That said complaint shows on its face that the only lands which the plaintiff claims to be the owner of are the southeast quarter (SE¼) of section seventeen (17) and the said petition shows that the defendant is the owner of the east half of the southwest quarter (E½ of SW¼) of the same section, and that the controversy is relative to a strip of land along the east side of the east half· of the southwest quarter (E½ of SW¼) of said section or the land for which the defendant has the legal title and the defendant cannot trespass upon his own land."

The defendant, in support of this demurrer, argues that in the plaintiff's petition there is no claim of title to any other land than the said southeast quarter, although the two-rod strip which plaintiff claims clearly lies in the 80 acres to the west, which land the defendant owns; that, if the correct boundary line is where defendant built the new fence, two rods east of the row of trees, then the defendant is not a trespasser. Defendant further claims that plaintiff admits in his petition that the title to the strip is in controversy; that before plaintiff can gain title to this strip of land by adverse possession he must bring a suit in ejectment, for defendant is entitled to have the questions litigated in a court of law and to a jury.

Defendant argues that equity has no jurisdiction to settle a question such as this, where the only matter in dispute is the proper location of the division line between adjoining tracts, and not which of two opposing titles is the better. Defendant cites in support thereof: "Ejectment is the proper remedy· for the determination of contests as to the title of real estate." 4 R. C. L. 74, sec. 2. Defendant also cites: "Plaintiff seems to have invoked the extraordinary writ of injunction for the sole purpose of obtaining possession when at the time he had a plain and adequate

remedy at law." *Reed v. Wellman* (1920) 104 Neb. 292, 177 N. W. 170. Again, defendant calls our attention to the statement of Judge Barnes in *Hollinrake v. Neeland* (1913) 94 Neb. 530, 143 N. W. 809: "It is not claimed that plaintiff was in actual possession of the land, but it is insisted that he was entitled to such possession." And, again: "Even if defendant's possession of the land was wrongful, the plaintiff was not entitled to an injunction."

The case of *Baty v. Elrod*, 66 Neb. 735, 92 N. W. 1032, is quite in point, for it is there contended that the possession of a disputed strip was not adverse if they did not claim or intend to occupy more land than their deed called for. It is said by this court that such may be the rule in Iowa, but not in this jurisdiction, the rule in Nebraska being that, if one by mistake inclose the land of another and claim it as his own, his actual and uninterrupted possession as owned for the statutory period will work a disseisin, and his title will be made perfect. In the rehearing of this case this holding was not changed.

The plaintiff admits that the rule contended for by defendant in his demurrer was in force in Nebraska up to the time of the passage of the new law on actions to quiet title in 1921, which is section 76-401, Comp. St. 1929, and reads as follows: "An action may be brought and prosecuted to final decree, judgment or order, by any person, or persons, whether in actual possession or not, claiming title to, or an estate in real estate against any person or persons who claim, or apparently have, an adverse estate or interest therein, for the purpose of determining such estate or interest; and canceling unenforcible liens, or claims against, or which appear to be against, said real estate, and quiet the title to real estate." This section clearly gives the right to bring an action to quiet title, whether one is in or out of possession.

Section 76-404, Comp. St. 1929, reads as follows: "It shall be sufficient to allege generally in the petition that the defendants claim or appear to have some interest in, rights or title to, or lien upon said real estate or a part

thereof; and it shall not be necessary to allege the nature of any adverse claim or that the value of plaintiff's title or estate is lessened thereby. No lien of record or mortgage of record, however, shall be affected by such action unless it is particularly described, and payment or other legal reason for its cancelation, or that it is barred by limitation, is specifically alleged."

Section 76-409, Comp. St. 1929, reads as follows: "The court shall try such cause in like manner as other equitable actions and shall enter therein such orders and decrees as the parties may be entitled to. Appeals from final orders may be had as in other actions." This section specifically requires that these actions be tried as equity actions.

In *Williams v. Riley,* 79 Neb. 554, 113 N. W. 136, it is held that, where plaintiff has enjoyed possession for years, equity will restrain a violation of it without that right being first established in law.

Another case very closely in point is *Ayres v. Barnett,* 93 Neb. 350, 140 N. W. 634, in which defendant was trespassing, as in the case at bar. Other cases are: *Cole v. Manners,* 76 Neb. 454, 107 N. W. 777; *Eidemiller Ice Co. v. Guthrie,* 42 Neb. 238, 60 N. W. 717; *Welton v. Dickson,* 38 Neb. 767, 57 N. W. 559.

There is one case which is closely in point, i. e., *Sittler v. Wittstruck,* 122 Neb. 452, 240 N. W. 562, which says that the fence in that case was by mistake 40 years ago set a distance to the west of the true boundary, and the plaintiff has been using the land for more than ten years. It is said: "It is a well-recognized principle of law that, where adjacent owners of land construct a fence as a boundary line between their respective tracts, and each uses and occupies the land to the fence, each claiming title to the land on his respective side of the fence for a period of more than ten years, each thereby acquires an absolute title, by adverse possession, to the land on his side of the fence, regardless of whether or not it was on the true boundary."

All of the members of the court who heard the argument

in the case at bar are of the opinion that the petition states a cause of action for equitable relief. The fact that he pleaded much that was entirely unnecessary in his long petition does not change his rights, even though it may have subjected him to attack.

The judgment is reversed, with directions to the trial court to overrule the demurrer, vacate the order of dismissal, allow the temporary injunction, all at the cost of the defendant.

REVERSED.