Appling v. Jacobs.

No. 18,676.

W. L. Appling, as Guardian, etc., *Appellant*, v.
G. Seeah Jacobs et al., *Appellees*.

SYLLABUS BY THE COURT.

1. Action—*To Set Aside Deed—No Jury as Matter of Right.* A jury trial is not a matter of right in an action to set aside a conveyance for the alleged unsoundness of mind of the grantor and fraud of the grantees.

2. Trial—*Rejected Evidence Subsequently Admitted—No Error.* An error in striking out or rejecting evidence is cured by receiving it afterwards, nothing having occurred to impair its effect.

3. "Agreement for Maintenance"—*Part Performance—Agreement Omitted from Deed—Included in a Subsequent Judgment.* Where a grantee in a deed testifies to an oral agreement to support the grantor for life and has performed that agreement for a considerable time, and is still keeping it, a guardian of the grantor, appointed in an adjudication after the deed was made, has no just ground to complain because the court incorporated in a judgment upholding the conveyance a provision requiring the grantee to keep and perform the agreement.

Appeal from Sedgwick district court, division No. 2; Thornton W. Sargent, judge. Opinion filed March 7, 1914. Affirmed.

*John D. Davis*, of Wichita, for the appellant.

*D. M. Dale*, *S. B. Amidon*, and *Jean Madalene*, all of Wichita, for the appellees.

The opinion of the court was delivered by

BENSON, J.: This is an action by a guardian to set aside a conveyance of 160 acres of land made by his ward before the adjudication of incompetency.

The conveyance was made on July 3, 1911, by warranty deed, stating a consideration of $1, reserving all rents and profits during the grantor's lifetime. On August 9, 1911, the grantor was adjudged to be a person of unsound mind, incapable of managing his affairs.

The action was brought on the grounds that the grantor, Mr. Ald, was of unsound and feeble mind at the date of the conveyance, unfitted to transact business, and that the deed was obtained by undue influence. Upon conflicting evidence the finding and judgment was for the defendants.

The plaintiffs assign as error the failure of the court to submit the issues to a jury. The case was not one in which a trial by jury is a matter of right. (*Hospital Co. v. Philippi,* 82 Kan. 64, 107 Pac. 530.) If it had been, the right was waived by failing to ask for a jury. (*Cunningham v. City of Iola,* 86 Kan. 86, 119 Pac. 317.)

Error is also assigned upon rulings respecting testimony. A witness after describing Mr. Ald's appearance testified that he thought he was weak-minded. He gave as a reason for thinking so, "his general appearance—general talk." The answer was stricken out, and repetitions in substance of the same answer met the same fate. Complaint is made of the ruling. Probably it was thought that a better statement of the means of forming an opinion should first be given, but however that may be, later in the same examination the witness, after stating the particulars of his knowledge, gave his opinion fully without objection, thus removing any possible prejudice from the ruling. The same observation is true concerning an objection to the testimony of the attorney who prepared the deed. He was afterwards permitted to testify fully, giving a detailed narrative

of the occurrence. Nothing had occurred to impair its effect.

An objection was made to the testimony of Mrs. Jacobs, one of the defendants. She testified that she had agreed to care for Ald during life and was willing that this agreement should be incorporated in the decree. The plaintiff insists that this ruling was erroneous. It was, however, evidence of consideration, and if, as argued, the failure to have the agreement incorporated in the deed was a badge of fraud, that would only impair its probative force, but would not be a reason of exclusion. This matter will be again referred to in considering an objection to the judgment.

Other specifications of error are based on the alleged insufficiency of the evidence to sustain the finding in favor of the defendant. This is the matter chiefly complained of. Here the plaintiff faces an insurmountable obstacle in the fact that the evidence upon the issue of mental unsoundness tendered by the plaintiff was in irreconcilable conflict. There is ample competent evidence, if believed, to sustain the judgment. While Mr. Ald was advanced in years and sorely afflicted with many physical infirmities, medical witnesses who made special examination, and neighbors, associates, and business men who had dealings with him and had means of forming opinions, testified to the soundness of his mind. Besides, his recent transactions in buying, selling and exchanging real estate, and in other business, afforded some evidence on the issue presented. It is true that there was considerable evidence to the contrary, besides the adjudication of incompetency, which the plaintiff concedes is only *prima facie* evidence (*In re Wright,* 74 Kan. 409, 89 Pac. 678), but it was the function of the district court to hear the witnesses, weigh the evidence, and find the facts. This duty appears to have been done with due judicial care and fairness, and the findings can not be disturbed here, in the absence of erroneous rulings affecting them.

Referring to the alleged error in the judgment, a brief statement of the situation should be made. Mr. Ald was seventy-one years old, and had no family. His brother, with whom he had formerly resided, could not, because of the absence of his wife, conveniently care for him. He had considerable property available for his care and maintenance. The defendant, Mrs. Jacobs, a spiritualist, it seems, practiced magnetic healing, gave medical advice, gave massages and other treatment. Mr. Ald sought her advice and treatment several years ago, and after a time was taken into the home of the defendants and cared for. A physician said that his motor nerves were affected. Other witnesses testified that he was afflicted with rheumatism. His neck was awry and his hands and limbs were crippled. It was difficult for him to talk so as to be understood. The testimony also tended to prove facts as follows: The defendants treated his ailments, gave him a room and board, bathed and dressed him, cut his food at the table, and so cared for him in their home. He made some payments, estimated by them at $100, but they kept no accounts. They suggested recompense and he said that he would make it all right, and finally asked Mr. Jacobs to have an attorney come to the house and prepare a deed, which was done, he reserving the rents and profits and they agreeing to care for him during his life, which undertaking on their part was not written in the deed, but was testified to by them. The farm was worth about ten thousand dollars. The defendants commenced the treatment about seven years before the trial, and took him into their home about five years afterwards.

After the defendants had testified to the agreement to care for Mr. Ald during his life, and to their willingness to have that agreement incorporated in the judgment, the court made that order. The judgment recites:

"It is further ordered by the court, the defendants assenting thereto, in open court, that the defendants

are hereby required to care for and support the said
J. H. Ald, during the balance of his lifetime, in a man-
ner becoming a man of his social and financial standing,
physical and mental condition, and treat him in a
kindly and humane manner for his natural life, and
that they, the defendants, hold the said real estate as
herein described during the balance of plaintiff's nat-
ural life, subject, however, to the burdens, obligations
and conditions set forth in said deed, and in accordance
with the terms of this order."

While cases are cited holding that the omission from
a conveyance like this one of an agreement to furnish
support is a badge of fraud, or evidence of unfairness,
yet this omission was only one of the circumstances to
be considered in making the findings.    Having found
for the defendants upon the material issues, the incor-
poration in the judgment of the obligation for the sup-
port of the grantor affords the guardian no ground of
complaint.

The judgment is affirmed.