No. 22,136.

STEPHAN DUDAS, *Appellant,* v. THE KANSAS CITY SOUTHERN RAILWAY COMPANY, *Appellee.*

### SYLLABUS BY THE COURT.

NEGLIGENCE—*Conflicting Evidence—Demurrer Wrongfully Sustained.*
Under the rule that upon a demurrer to the evidence it is the duty of a court to accept as proved every fact supported by the plaintiff's evidence, and to indulge every favorable inference that may be deduced from it, and, where there are contradictions in his testimony, to give effect to that favorable to the plaintiff, it is held herein that the testimony tending to sustain plaintiff's recovery for injuries suffered at a railroad crossing, by reason of the negligence of the railroad company, was sufficient to require the submission of the case to the jury.

Appeal from Crawford district court; ANDREW J. CURRAN, judge. Opinion filed November 8, 1919. Reversed.

*Thomas W. Clark,* of Pittsburg, for the appellant.

*Louis Johnson,* of Pittsburg, and *Hugh E. Martin,* of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Stephan Dudas and his family, who were riding in a buggy drawn by a horse along a highway and over defendant's railroad, met an automobile on the crossing, and he alleged that when he turned to the right to let the automobile pass, defects in the crossing caused the horse to turn aside on the track and to move backward, which caused the buggy to tip over and roll down the embankment, seriously injuring the plaintiff and causing damage to the vehicle; for which he asked damages. After his testimony had been presented to the jury, the trial court sustained defendant's demurrer to his evidence and gave judgment for defendant. Plaintiff appeals.

Was there evidence sufficient to take the case to the jury? is the only material question presented on the appeal. The grounds alleged as negligence were that the defendant had failed to construct and maintain the crossing as the law requires, in that it was not sixteen feet in width; was not of the same grade as the railroad track for ten feet on each side thereof; that the approaches exceeded a seven and one-half per cent grade; and that the material was not of the kind required by the statute.

The statute in force when the injury was suffered made it the duty of the railroad company to make and keep in repair good and sufficient crossings, which should not be less than sixteen feet in width, and should be on the same grade with the crossing for ten feet on each side of the center of the track, and that the approaches thereto should not exceed a seven and one-half per cent grade, and that they should be solidly constructed of suitable material with no openings, except such as are necessary for the rails; and it was further provided that the material selected by the company for this purpose should be wood, gravel, crushed rock, concrete, burned clay or slag, and of a permanent thickness equal to the height of the railroad rails. (Gen. Stat. 1915, § 8462.) The statute has since been amended in several particulars, including the widening of the crossings and the extension of the part which should be upon the same

Dudas v. Railway Co.

grade as the track, and reducing to some extent the grade of the approaches (Laws 1919, ch. 242), but the duty of the railroad company towards the plaintiff, so far as this case is concerned, is to be measured by the provisions of the earlier statute.

There was testimony tending to show that the crossing was not sixteen feet in width. Planks sixteen feet long had been laid on the angle of the railroad, and not so as to conform to the line of the highway. The railroad ran from the northeast to the southwest, while the highway ran north and south, and the crossing was therefore not sixteen feet wide on the angle of the highway. There is testimony that the crossing at the intersection of the highway and railroad was only twelve feet wide, and on the approaches to it the elevation of the railroad at the crossing was about ten feet and five inches. Instead of being level for ten feet on each side of the center of the railroad track, there was a decline on either side of about eleven and one-half per cent, beginning immediately at the rails. The crossing, it appears, was not built up to the line of the rails or as required by statute "equal to the height of the railroad rails." Plaintiff testified that when he met the automobile on the crossing he turned to the right, and when the right wheel of his buggy came in contact with the projecting rail, his horse was thrown back and caused to back down the decline, cramping and overturning the buggy and throwing plaintiff and his family about eight feet down to the bottom of the fill. There were some contradictions in the testimony of the plaintiff as to his approach to and his actions at the crossing, of which much is made in the argument of defendant. The case, however, having been determined on a demurrer to plaintiff's evidence, the court could not weigh the testimony or treat the evidence in his favor as having been neutralized by the contradictory evidence. As the case was submitted, it became the duty of the court to accept as proved every fact supported by any of the plaintiff's evidence and to indulge in every favorable inference that might be deduced from it. It has been held that where the evidence of a witness is conflicting and one part is contradictory of another, it should be submitted to the jury. (*Smith v. Schriver*, 91 Kan. 582, 138 Pac. 584. See, also, *Neiderlander v. Starr*, 50 Kan. 770, 33 Pac. 592; *Acker v. Norman*, 72 Kan.

586, 84 Pac. 531; *Terry v. Gravel Co.,* 93 Kan. 125, 143 Pac. 485.)

There was abundant testimony as to the insufficient condition of the crossing, and of the negligence of the defendant in maintaining it, and, while the testimony is somewhat meager, and to some extent conflicting, as to his injuries having resulted from the negligence of the defendant, a careful reading of it satisfies us that it was sufficient to require the submission of the case to the jury.

Complaint is also made of the exclusion of certain testimony offered to show the repair and improvement of the crossing shortly after the accident. It does not appear that the proposed testimony was produced at the hearing of the motion for a new trial, and hence those rulings are not reviewable here. (Civ. Code, § 307, Gen. Stat. 1915, § 7209.)

For the error in taking the case from the jury, the judgment is reversed, and the cause is remanded for a new trial.