No. 23,287.

MIMA REDDY, as Executrix of the Estate of JANE GRAHAM, Deceased,
*Appellant*, v. R. H. GRAHAM, Jr., and ANNA GRAHAM, *Appellees*.

### SYLLABUS BY THE COURT.

1. QUIETING TITLE—*Cancellation of Deed—Fraudulent Representations—Not
a Jury Trial as Matter of Right*. In an action to quiet title to real estate
and to cancel a deed on the ground that it was obtained by fraudulent
representations of the grantor, the plaintiff is not entitled as a matter of
right to a jury trial.

2. SAME—*Evidence*. Objections to certain evidence held to be without sub-
stantial merit.

3. TRUST—*Created by Deed and Verbal Contract—Trust Irrevocable*. The
evidence is held sufficient to sustain a judgment holding that a deed and
verbal contract created a complete trust, without express power of revoca-
tion, which cannot be revoked without the consent of all the beneficiaries.

Appeal from Harper district court; GEORGE L. HAY, judge. Opinion filed
March 11, 1922. Affirmed.

*E. C. Wilcox*, and *Myrtle Youngberg*, both of Anthony, for the appellant.
*Vernon Day*, of Anthony, *T. A. Noftzger, David Smyth*, and *J. W. Smyth*,
all of Wichita, for the appellees.

The opinion of the court was delivered by

PORTER, J.: Jane Graham, an elderly woman, brought this action
to cancel a deed and quiet her title to property which she had con-
veyed to a son, R. H. Graham, jr. In a former action between her-
self and her husband, the district court denied a divorce but decreed
her right to live apart from her husband and divided their property.
Her share was the real estate in controversy. Shortly before making
the deed to her son she had become concerned for fear her husband
would inherit the property if she died first, and she took advice of an
attorney telling him she desired the property to be divided equally
between her children, R. H. Graham, jr., John Graham and Mima
Reddy. The attorney prepared a deed, which she executed, convey-
ing the property to the son, R. H. Graham, jr., and at the same time
prepared a will by which the son devised to John Graham and Mima
Reddy, his brother and sister, each an undivided one-third interest
in the property. The will was duly executed, together with the
written consent of the wife of R. H. Graham, jr. Later the husband
of Jane Graham died, and she brought this action against her son
alleging that she had procured the execution of the deed by mis-
representations and fraud, and without any consideration. The

answer of the son denied the fraud and alleged that she desired the property to be divided between her children, and requested him to accept a deed for their benefit, and that there was an oral agreement at the same time that the mother should receive the net rents and profits during her natural life, and that upon her death he should divide the remainder equally between himself and his brother and sister. The answer of R. H. Graham, jr., alleged that he had caused the rents to be paid to the plaintiff and had carried out his part of the contract and intended to continue to do so.

After Jane Graham had given her deposition, and before the case was reached for trial, she died, leaving a will by which she devised the property in dispute to the daughter, Mima Reddy. The case was revived in the name of the administratrix, and was tried. A demurrer to plaintiff's evidence was sustained, and the cause was appealed to this court, where the judgment was reversed. (*Reddy v. Graham,* 106 Kan. 339, 187 Pac. 653.)

It was held that the pleadings and evidence disclosed that the deed was a sort of trust, the chief purpose of which was accomplished when the father died before the mother; that while the trial court's ruling was correct on the issue of fraud, judgment should be rendered on the evidence, and not on a demurrer.

On the second trial, judgment was rendered for the defendant, and Mima Reddy appeals.

Plaintiff is wrong in her contention that she was entitled as a matter of right to a trial by jury. The brief cites the usual cases. (*Gordon v. Munn,* 83 Kan. 242, 111 Pac. 177; *Butts v. Butts,* 84 Kan. 475, 114 Pac. 1048; *Houston v. Goemann,* 99 Kan. 438, 162 Pac. 271; *Brush v. Boyer,* 104 Kan. 168, 178 Pac. 445.) The question is to be determined by the pleadings. (*Hospital Co. v. Philippi,* 82 Kan. 64, 107 Pac. 530; *Appling v. Jacobs,* 91 Kan. 793, 139 Pac. 374.) In *Rayl v. Brown,* 108 Kan. 385, 195 Pac. 611, the question was reviewed at some length, and it was held that—

"An action to establish a trust in real estate and for an accounting of rents and profits thereof, brought against the heirs and devisees of a former owner of the land, is not triable by a jury as a matter of right." (Syl. ¶ 1.)

There is nothing substantial in the claim that it was error to admit in evidence certain tax sales certificates and tax receipts for the purpose of showing payment of taxes by the son. It is insisted that these papers were only secondary evidence, but there is no suggestion or claim that the receipts were not correct.

Reddy v. Graham.

There was an objection to the evidence of R. H. Graham, jr., respecting the payment of certain expenses for his mother. The court stated that the evidence was not proper; the assumption is that it was not considered in rendering the judgment. The same thing is true of testimony showing that the husband of Mima Reddy had borrowed certain money from Jane Graham. The findings show that this matter was not taken into consideration.

The grantee in the deed is not in the position of one bringing an action to establish a trust, so that we deem it of very little importance whether the trust in this case be considered as an express or an implied one. The defendant admitted that the deed, absolute in form, was taken by him with the oral understanding and agreement that upon the death of the grantor the property was to be divided by him equally between the three children, including himself, and he expressed an intention to execute it according to its terms.

"A parol trust is not, however, an absolute nullity, but is simply void at the election of the trustee. If he executes it, the courts will protect him in so doing, and as far as possible will protect the beneficiaries in the enjoyment of the fruits thereof." (26 R. C. L. 1197.)

Complaint is made of the court's finding that R. H. Graham, jr., never at any time denied the oral contract that he now asserts. It is insisted that this contradicts the "only testimony" on that subject; to wit, the testimony of Mima Reddy that a demand for a deed was made, which he refused. In her deposition, Jane Graham said: "I never asked Bob to deed the property back to me." The conflict in the evidence in this respect was determined adversely to the plaintiff's contention.

The evidence sustains the finding that there was no fraud, mistake or undue influence, and there was no express power of revocation in the deed. The rule is well settled that under these circumstances it requires the consent of all the beneficiaries before the creator of the trust can revoke it. (39 Cyc. 92, and cases cited in note.)

Moreover, if the plaintiff's theory were correct and no trust was created and the purpose of the conveyance was merely to prevent the husband from disposing of the property, and (as Jane Graham claimed in her petition) upon an agreement to redeem the property whenever she demanded it, her own evidence and the finding of the court that no demand for a reconveyance was ever made would be sufficient to prevent the plaintiff from maintaining this suit.

One of the findings is, that as part of the transaction by which the property was conveyed by Jane Graham to her son, he executed a will, in which his wife joined, for the purpose of carrying into effect the agreement that upon the death of Jane Graham the property should be divided equally between her three children. The execution of this will was some evidence of the terms of the trust; it was more than that, it manifested a willingness on the part of the trustee to carry into effect the trust so far as it was possible at that time for him to execute it. Apparently this litigation is the only thing that has prevented him since the death of his mother from completing the execution of the trust. The action was brought to cancel the deed on the ground that he had obtained it by fraud; he told his story and satisfied the court that there was no fraud in the transaction, and he expressed a willingness to complete his part of the arrangement by which he took the title. We think the evidence justified the court in reaching the conclusion that the deed and oral arrangement constituted a complete trust, and further, that as there was no express power of revocation, it cannot be revoked without the consent of all the beneficiaries.

The judgment is affirmed.