SATTERLEE, Appellant, v. UMENTHUM, Respondent.

(198 N. W. 823.)

(File No. 5420. Opinion filed May 15, 1924.)

1. **Tenancy in Common—Landlord and Tenant—Lease of Whole by Cotenant Not Void; Lessee Acquires Rights as Cotenant.**

   A lease covering the whole premises, given by a tenant in common, held not utterly void, but operative to give the lessee rights as a tenant in common with cotenants of the lessor.

2. **Tenancy in Common—Ejectment May Not Be Maintained by One Tenant in Common Against Another Before Ouster.**

   Since each cotenant is entitled to possession, ejectment cannot be maintained by one against another unless the latter has ousted the former from possession.

Appeal from Circuit Court, Davison County; Hon. FRANK B. SMITH, Judge.

Action by Roscoe Satterlee, as guardian of the estates of Winifred Evelyn Olson and Dakota Belle Olson, minors, against Ed. Umenthum. From judgment for defendant, plaintiff appeals. Affirmed.

*Roscoe Satterlee,* of Mitchell, pro se, Appellant.

*H. G. Giddings,* of Mitchell, for Respondent.

(1) To point one of the opinion, Appellant cited: Miller v. Genricher (Ia.), 183 N. W. 503; Bengamin v. Am. Tel. & Teleg. Co. (Mass.), 13 Ann. Cas. 306.

(2) To point two, Appellant cited: Mather v. Dunn, 11 S. D. 196.

GATES, J: Plaintiff's two wards and their mother are the owners of a quarter section of land in Davison county as tenants in common, each owning an undivided third thereof. Rev. Code 1919, §§ 271, 272. Defendant had been in possession of the land under a lease which expired February 28, 1923. He continued to hold possession after that date. Plaintiff, as guardian, served notice to quit, and brought this action in forcible entry and detainer. Defendant justified under a written lease for three years from March 1, 1923, executed by the mother. Upon plaintiff's appeal from the judgment of the municipal court of Mitchell the case was tried de novo in the circuit court of Davison county. At the close of the testimony the trial court granted defendant's motion for a directed verdict. From the judgment entered pursuant thereto, plaintiff appeals.

Appellant contends that the lease made by the mother, one of the tenants in common, was utterly void and that he was entitled to recover possession of the entire premises as against respondent.

Respondent concedes that the lease was inoperative as to the interest in the land represented by appellant, but contends that the lease was valid as to the mother's interest and that he thereby, for the period of the lease, became a tenant in common with plaintiff's wards and that appellant has no right to the exclusive possession of the property.

[1] We are of the opinion that respondent, by virtue of the lease did, for the period of its duration, become a tenant in common with appellant's wards. In Tiffany on Real Property (2d Ed.) p. 683, we find the rule thus stated:

"A cotenant cannot make a lease valid as against other cotenants, so as to give to the lessee the right of exclusive possession of any part of the land, unless he was authorized to act as their agent in making the lease, or unless, having made it as their agent, his act is ratified by them. The effect of a lease by one cotenant, acting for himself alone, is at most merely to confer on the lessee a right to share in the possession for the term of the lease, that is, to make the lessee a cotenant for the term."

See, also, 7 R. C. L. 878, 38 Cyc. 105, and note "As between Lessor and Lessee," Ann. Cas. 1913D, 1165.

It must be borne in mind, however, that the lease covered the whole premises and not any specific portion thereof.

[2]   Inasmuch as, under the doctrine of tenancy in common, each cotenant is entitled to the possession of the property, an action in ejectment cannot be maintained by one against the other unless the latter has ousted the former from possession.   In 7 R. C. L. 897, the rule is thus stated:

"Between cotenants the term 'ouster' may denote, either an actual turning out, or an exclusive possession, connected with some act amounting to a total denial of the rights of the cotenant who is out of possession.  The fact of ouster, in one or the other of these senses, is a prerequisite to the right of each cotenant to maintain an action of ejectment against his fellow tenant."

See, also, Tiffany on Real Property (2d Ed.) § 197; 38 Cyc. 17.

No facts were alleged or proved constituting an ouster of appellant's wards by the mother's lessee; consequently no cause of action in ejectment was shown in appellant's favor.

The judgment appealed from is affirmed.

Note.—Reported in 198 N. W. 823.   See, Headnote (1), American Key-Numbered Digest, Tenancy in common, Key-No. 49, 38 Cyc. 105; (2) Tenancy in common, Key-No. 38(1), 38 Cyc. 92.