JULIED SITTLER, APPELLEE, V. AMELIA WITTSTRUCK, APPELLANT.

FILED FEBRUARY 5, 1932. No. 28158.

*Frampton & Moseley,* for appellant.

*G. E. Hager* and *Perry W. Morton, contra.*

Heard before ROSE, GOOD and EBERLY, JJ., and CARTER and CHASE, District Judges.

PER CURIAM.

From a decree of the district court, quieting in plaintiff title to a strip of land along the east end of the north half of the southwest quarter of section 6, township 8 north, range 6 west, in Lancaster county, Nebraska, and enjoining defendant from continuing to trespass thereon, defendant has appealed.

Plaintiff and defendant each asserted title to the tract in question and prayed to have his title quieted. Defendant was the record owner of the title; plaintiff claimed prescriptive title by adverse possession under claim of ownership for more than ten years.

Defendant complains because the trial court refused to grant her a jury trial. The action by plaintiff was essentially an action in equity and authorized by section 76-401, Comp. St. 1929. In *Eayrs v. Nason,* 54 Neb. 143, this court held that this section of the statute modified the old chancery rule, and that a party may maintain an action to quiet his title to real estate, whether he be in or out of possession, and whether his title be legal or equitable. Each party was seeking equitable relief; each was invoking the aid of a court of equity. The court very properly denied a trial by jury.

The principal question is whether the evidence is sufficient to sustain the judgment of the trial court. It is conceded that plaintiff is, and for many years has been,

the owner of the record title to the southeast quarter, and defendant the owner of the record title to the east half of the southwest quarter, of said section 6. For 40 years or more there has been a fence running north and south and slightly to the west of the boundary line between the two tracts of land. This fence at the north end was about 33 feet west of the true boundary, and the south end was approximately on the boundary line. By agreement between the respective owners, each was to and did keep in repair one-half of this fence; plaintiff the south and defendant the north half thereof. Recently, the defendant moved the north half of the fence from its former location to the true boundary line between the two tracts of land. Plaintiff, asserting that he is the owner of the land on the east side of the original location of the fence, brought this action.

It appears that for 40 years or more this fence has been maintained on its former location; that the plaintiff and his predecessors in title have cultivated and used the land as their own up to the fence line, and that during this time plaintiff and his predecessors have claimed title to the land, while defendant has cultivated and used the land on the west side thereof. Doubtless, by mistake, when the fence was built, instead of being on the true boundary line, it was set the distance west from the true boundary line, above indicated. The evidence discloses beyond dispute that plaintiff has had the open, notorious, continued, uninterrupted possession, use and occupancy, under claim of ownership, of all the land lying east of the fence, for more than ten years before defendant moved the fence.

It is a well-recognized principle of law that, where adjacent owners of land construct a fence as a boundary line between their respective tracts, and each uses and occupies the land to the fence, each claiming title to the land on his respective side of the fence for a period of more than ten years, each thereby acquires an absolute title, by adverse possession, to the land on his side of the fence, regardless of whether or not it was on the true boundary.

This principle.is so well established that it requires no citation of authorities to sustain it.

The evidence not only justifies but requires the finding of the trial court that the strip of land in question, being 33 feet wide on the north end and 15½ feet wide on the south end, and being immediately west of the north half of the southeast quarter of said section, is vested in the plaintiff by adverse possession, and that defendant has been wrongfully trespassing thereon, and threatens to continue so to do. Plaintiff, having acquired title to this strip of land by adverse possession, became the true owner thereof, and title thereto was properly quieted in him. Defendant was properly and lawfully enjoined from further trespassing thereon.

The judgment of the trial court is right and is

AFFIRMED.