[Civ. No. 2638.   Fourth Appellate District.—March 25, 1941.]

SYLVIA R. BATTLE, Appellant, v. WALTER W. NIECE et al., Respondents.

Martin E. Geibel for Appellant.

Elliott H. Pentz for Respondents.

MARKS, J.—This is an action brought by plaintiff to set aside a sale under a deed of trust. She alleges that she acquired an interest in a note secured by a deed of trust, by virtue of certain payments made upon the note, of which she was the maker, and which was held by the Security-First National Trust and Savings Bank of Los Angeles as beneficiary. The defendants Niece denied the material allegations of the complaint and filed a cross-complaint to quiet title to the real property in question. The defendant bank denied the material allegations of the complaint and filed a cross-complaint to quiet title to the note and deed of trust. The trial court found in favor of the defendants and cross-complainants on all material issues, and entered judgment in favor of the defendants Niece quieting title to the real

property, and in favor of the defendant bank quieting title to the note and deed of trust in which it was payee and beneficiary.

Plaintiff purchased the real property from the defendants Niece on September 29, 1927, subject to a mortgage in the sum of $1,000 made by a Mr. and Mrs. Britt, payable to the Security Trust and Savings Bank of Los Angeles, predecessor in interest of defendant bank. As a part of the purchase price plaintiff executed a note secured by a deed of trust, in favor of the defendants Niece, dated March 17, 1928. Plaintiff defaulted under this deed of trust and the property was sold through trustee's sale to the defendants Niece. It is this sale that plaintiff seeks to avoid.

On February 15, 1928, plaintiff executed a note in the principal sum of $1,000, secured by a mortgage in which the defendant bank was mortgagee. The court found that this note was given to refinance the Britt note.

On January 17, 1931, a contract extending this mortgage was executed by the plaintiff and the defendant bank. Defendants Niece, who held a subsequent encumbrance, consented to this extension.

On March 14, 1934, a note and deed of trust were executed by plaintiff in favor of the bank as payee and beneficiary. They were made in consideration of the cancellation of the $1,000 note and the release of the mortgage in which the defendant bank was mortgagee.

On August 27, 1934, all of the parties executed an agreement of subordination whereby the Niece deed of trust was subordinated to the bank deed of trust executed on March 4, 1934, so that it would become a first encumbrance on the property.

Thereafter plaintiff made an assignment of rents from the property to the defendant bank. All of the rents were paid to it and applied upon the bank note, together with some additional payments made by plaintiff.

The decree quieting title to the real property in the defendants Niece is based upon the trustee's deed executed under the power of sale contained in the trust deed which was in default. No attack has been made upon the regularity of the trustee's sale.

Plaintiff contends that the execution of the subordination agreement by the parties hereto modified the deed of trust

to such an extent that it became necessary to foreclose the trust deed as a mortgage.

The subordination agreement in no way changed or modified the terms of the trust deeds. The agreement was in the usual form and served no other purpose than to continue the priority of the bank lien over that of the Niece deed of trust. When there is no modification of the terms of the deed of trust with power of sale, it need not be foreclosed as a mortgage. (*Medico-Dental Discount Corp.* v. *Title Ins. etc. Co.,* 11 Cal. App. (2d) 200 [53 Pac. (2d) 386].)

Plaintiff claims that by virtue of the assignment of rents to the bank, the defendants Niece were estopped from the exercise of the power of sale upon default under their deed of trust. This argument is without merit as no estoppel could arise under these facts. Further, there is ample evidence in the record to show that the defendants Niece had no knowledge of the assignment of rents. A party to be estopped must be apprised of the facts on which the claimed estoppel is based. (10 Cal. Jur. 627.)

Plaintiff requested that the cross-complaint of the defendants Niece to quiet title to the property in question be tried by a jury. The court properly denied this request. A trial by jury in an action in equity is not a matter of right where no issue at law is made by the pleadings. (*Baar* v. *Smith,* 201 Cal. 87 [255 Pac. 827].)

Plaintiff filed a demurrer for non-joinder of the Nieces in the cross-complaint of the Security-First National Bank of Los Angeles. This demurrer was properly overruled. The cross-complaint of the bank sought a decree quieting the title of the bank to the note and deed of trust made by plaintiff in its favor. The Nieces were in no way interested in that controversy. They were merely beneficiaries under a junior deed of trust upon the same property.

Plaintiff contends that there was no consideration given her by the defendant bank for the execution of the note and deed of trust in favor of the bank, and that by reason of the payments she had made upon the note she became a co-owner thereof. The trial court found that the consideration for the note and deed of trust was the satisfaction of the Britt note and mortgage. This is sufficient consideration.

Partial payments could not make her co-owner of the note of which she was maker.

Plaintiff complains of rulings excluding evidence which she offered. If we assume that these rulings were erroneous, they were rendered harmless by subsequent admission of like evidence upon the same question.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 22, 1941.