**HARLAN et al. v. SPARKS et al.**

No. 2346.

Circuit Court of Appeals, Tenth Circuit.

Jan. 12, 1942.

Rehearing Denied Feb. 16, 1942.

H. C. Buchly and Lake J. Frazier, both of Roswell, N. M. (Charles J. Lieck, of San Antonio, Tex., on the brief), for appellants.

James T. Jennings and Ross L. Malone, Jr., both of Roswell, N. M. (J. D. Atwood, of Roswell, N. M., on the brief), for appellees.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

BRATTON, Circuit Judge.

The rivals in this controversy are certain relatives of John B. Kipling, deceased, on one side, and certain relatives of Emma Kipling, deceased, and T. C. Wood, on the other side. John B. Kipling and Emma Kipling were married prior to 1905, and lived together as husband and wife until he died testate in 1928; she died in 1939; they had no children; each died without issue; and both parents of John B. Kipling predeceased him. Kipling and wife acquired during coverture two lots in Roswell, Chaves County, New Mexico; title was taken in the name of the husband; but they were community property. By will, he devised all of his property in fee simple and absolutely to her, named her as executrix, and empowered her in that capacity to operate, manage, sell or convey any of such property without restriction or order of court. The estate was probated in the probate court of Chaves County, and the order discharging the executrix adjudged and decreed that the lots be set over to Emma Kipling as sole legatee and devisee as and for her sole and separate estate. She continued as the owner and in possession of it until her death. James Harlan, her brother, filed in the probate court of Chaves County a petition alleging that she died intestate, that the petitioner and Mary Huldy, a sister, were the sole heirs at law of the deceased, and praying for the appointment of an administrator. The court entered an order finding that she died intestate and appointing an administrator. The administrator filed in the proceeding a supplemental petition alleging that the deceased was also survived by another sister and certain nephews and nieces. After publication of a notice that a hearing would be had to determine the question of heirship of the deceased and of ownership of the property constituting the estate, the court entered a so-called decree in which it was found that certain blood relatives were the sole heirs at law of the deceased, and that the real estate descended to and vested to them in stated proportions. The personal property belonging to the estate, including the net rents and revenues which accrued during the pendency of the probate proceeding, was subsequently distributed to such persons, and the probate proceeding was closed. Thereafter, Annie Sparks and others, being a surviving sister and surviving nephews and nieces of John B. Kipling, deceased, filed this suit against the relatives of Emma Kipling, deceased, recited in the decree of the probate court to be her sole heirs, and Wood. The complaint was in two causes of action. The first was in conventional form to quiet title to an undivided one-half interest in such lots, and the second was for an accounting of the rents and revenues derived therefrom. The case was tried to the court. During the trial, it was dismissed without

504

prejudice as to the plaintiff Annie Alberta Kipling. Judgment was rendered in favor of the remaining plaintiffs quieting title to an undivided five-twelfths interest in the lots, and for recovery of a like proportion of the rents and revenues received after the death of Emma Kipling. Defendants appealed.

The material part of chapter 163, Laws of New Mexico 1927, § 68-410, Comp.St. Ann.1929, provides: "If a deceased person is a widow, a widower, and leaves no issue, and the estate, or any portion thereof, was community property of such decedent and his or her deceased spouse, while such spouse was living, such property goes in equal shares to the children of such deceased spouse and to the descendants of such children by right of representation, and if none, then one-half of such community property goes to the father and mother of such decedent in equal shares, or to the survivor of them if either be dead, or if both be dead, then in equal shares to the brothers and sisters of such decedent and to the descendants of any deceased brother or sister by right (of) representation, and the other half goes to the father and mother of such deceased spouse in equal shares, or to the survivor of them if either be dead, or if both be dead, then in equal shares to the brothers and sisters of such deceased spouse and to the descendants of any deceased brother or sister by right or representation."

The will of John B. Kipling is relied upon to bar the claims of the appellees. It is said that the will is unmistakable in language and excludes them. Kipling bequeathed his interest in the property to his wife, it passed to her on his death, and she continued to own it until she died. But it is within the reach of legislative power to fix the succession of property left by one dying intestate. And a statute providing the manner of such succession is controlling unless it contravenes a constitutional provision or violates a fundamental rule of public policy. On the death of Emma Kipling, intestate, the appellees became statutory or forced heirs, and the property descended and vested in the manner provided in section 68-410, supra, even though she acquired an interest in it under the will of her deceased husband. In re Davidson's Estate, 21 Cal.App. 118, 131 P. 67; In re Ross' Estate, 187 Cal. 454, 202 P. 641.

It is contended that the appellees should have asserted their rights in the property in the probate proceeding relating to the estate of John B. Kipling, deceased, and that the decree entered in that proceeding awarding it to Emma Kipling is conclusive. On the death of John B. Kipling, the entire estate was vested in Emma Kipling, as surviving spouse and sole devisee. The appellees had no interest whatever in it until she died. It was upon her death intestate that the statute first came into operation and vested in the appellees the rights which they now assert. Cf. In re Morrow's Will, 41 N.M. 723, 73 P.2d 1360. It therefore is clear that the order previously entered in the probate proceeding is not res judicata of the rights which the appellees advance in this cause.

The further contention is that under the constitution and statutes of the state, the probate court was vested wih jurisdiction to determine the question of heirship of Emma Kipling, deceased, in the probate proceeding relating to her estate; that the so-called decree entered in that proceeding became conclusive of the question; and further, that such decree cannot be attacked collaterally in this cause. Section 13, article 6, of the constitution of the state, provides that the district court shall have original jurisdiction in all matters and causes not excepted by the constitution, and such jurisdiction of special cases and proceedings as may be conferred by law; section 23 of the same article provides, among other things, that until otherwise provided by law, the probate court shall have the same jurisdiction as was then exercised by the probate courts of the territory, that the legislature shall have power from time to time to confer upon such court certain civil jurisdiction, but that its jurisdiction shall not extend to an action for the possession of land, nor to any matter in which the title or boundaries of land may be in question; section 2, chapter 81, Laws of New Mexico 1931, § 47-604a, Comp.St. Ann.Supp.1938, provides that at any time in the process of administration of an estate of a deceased person, the probate court or the district court having jurisdiction may upon application of the executor or administrator determine the heirship of the decedent, the ownership of his estate, and the interest of each respective claimant thereto or therein; and section 1, chapter 99, Laws of 1935, § 34-412, Comp.St. Ann.Supp.1938, provides among other

things that the probate courts shall have exclusive original jurisdiction in cases of the determination of heirship. The record poses and the parties argue the question whether the constitution of the state withholds from the probate court jurisdiction to enter such a decree, but for reasons presently apparent there is no need to explore or determine it.

Section 2, of chapter 81, Laws of 1931, § 47-604a, Comp.St.Ann.Supp.1938, supra, which undertakes to empower the probate court to determine the heirship of a deceased person, the ownership of his property, and the interest of each claimant thereto or therein, provides that notice of the hearing shall be given as provided in the preceding section; and the preceding section provides that notice shall be given in the same manner as then provided for the service of summons in civil actions, and that such notice shall "be addressed to all of the heirs, legatees and devisees as shown in the report, or petition for appointment of the administrator or will, and to all unknown heirs of said decedent and all unknown persons claiming any lien upon or right, title or interest in, or to the estate of said decedent, * * *." The notice of the hearing to determine the question of heirship of Emma Kipling, deceased, was addressed by name to the appellants, except Wood, and "to all unknown persons claiming any lien upon or right, title and interest in and to said estate." It was not addressed to the unknown heirs of such deceased person, the appellees were not named in it, and personal service was not had upon them. The court found that at the time of the filing of the petition, at the time of the publication of the notice, and at the time of the entry of the decree, the administrator and his attorney knew of the existence of certain blood relatives of John B. Kipling, deceased, and in the exercise of due diligence could have ascertained the names and places of residence of the appellees and could have caused process to be served upon them in connection with the probate proceeding; and that finding is supported by substantial evidence.

█ Constructive service of process is in derogation of the common law; it is harsh; and a statute authorizing it is to be strictly construed. Priest v. Las Vegas, 16 N.M. 692, 120 P. 894, affirmed 232 U.S. 604, 34 S.Ct. 443, 58 L.

Ed. 751; Bowers v. Brazell, 31 N.M. 316, 244 P. 893; Owens v. Owens, 32 N. M. 445, 259 P. 822. If the appellees be treated as unknown heirs of Emma Kipling, deceased, the notice did not constitute constructive service upon them because it was not directed to them. If they be treated as known heirs unnamed in the proceeding, whose whereabouts could by the exercise of due diligence have been ascertained and service of process had upon them, the process likewise did not constitute constructive service upon them. Rodriguez v. La Cueva Ranch Company, 17 N.M. 246, 134 P. 228; Baca v. Catron, 24 N.M. 242, 173 P. 862; Pankey v. Ortiz, 26 N.M. 575, 195 P. 906, 30 A.L.R. 92. The so-called decree of the probate court has the same immunity from collateral attack as that accorded a judgment of a court of general jurisdiction. Ware v. Farmers' National Bank of Danville, 37 N.M. 415, 24 P.2d 269; In re Field's Estate, 40. N.M. 423, 60 P. 2d 945. But whether the appellees be catalogued as unknown heirs of Emma Kipling, deceased, or as known heirs not named in the proceeding whose whereabouts could by the exercise of reasonable diligence have been ascertained and service of process had upon them, the decree in either event was entered without personal or constructive service of process being effectively had upon them. It therefore is open to direct or collateral attack by them on that ground. Rodriguez v. La Cueva Ranch Company, supra; In re Field's Estate, supra.

█ The jurisdiction of the court to entertain the first cause of action is challenged. The argument is that the appellees were not in possession of the lots, that the appellants were in possession, and that in the circumstances the remedy is in ejectment. Section 1, chapter 174, Laws of New Mexico 1937, § 105-2001, Comp.St.Ann.Supp.1938, provides that anyone having or claiming an interest in real property, whether in or out of possession, may bring an action to quiet title thereto against any person claiming title thereto or a lien thereon. And in Knaebel v. Escudero, 32 N.M. 311, 255 P. 633, the court said in effect that the general principle that equity has no jurisdiction where there is a complete and adequate remedy at law does not prevent the legislature from enlarging the jurisdiction of equity to provide that a suit

to quiet title may be maintained in equity, even though there be an adequate remedy at law. But section 267 of the Judicial Code, 28 U.S.C.A. § 384, provides that suits in equity shall not be sustained in a United States Court where there is a plain, adequate, and complete remedy at law. That enactment gives emphasis to the rule which has generally prevailed in courts of equity. Sometimes making reference to the statute, and sometimes without doing so, it has been held that ordinarily one out of possession may not maintain in a United States Court an action to quiet title against one in possession, because in such circumstances ejectment affords a plain, adequate and complete remedy at law. Whitehead v. Shattuck, 138 U.S. 146, 11 S.Ct. 276, 34 L.Ed. 873; Boston & Montana Consolidated Copper & Silver Mining Company v. Montana Ore Purchasing Company, 188 U.S. 632, 23 S.Ct. 434, 47 L.Ed. 626; Twist v. Prairie Oil & Gas Company, 274 U.S. 684, 47 S.Ct. 755, 71 L.Ed. 1287; Stuart v. Union Pac. R. Co., 8 Cir., 178 F. 753, affirmed 227 U.S. 342, 33 S.Ct. 338, 57 L. Ed. 535; Fryer v. Weakley, 8 Cir., 261 F. 509; Scott v. First Nat. Bank of Morris, 8 Cir., 285 F. 832; Denison v. Keck, 8 Cir., 13 F.2d 384; Self v. Prairie Oil & Gas Co., 8 Cir., 19 F.2d 481, certiorari denied 278 U.S. 659, 49 S.Ct. 250, 73 L.Ed. 567; Wood v. Phillips, 4 Cir., 50 F.2d 714. And that rule has application even though the equity jurisdiction of the state courts has been enlarged by statute to provide that a suit to quiet title may be maintained against one in possession. Whitehead v. Shattuck, supra; Lawson v. United States Mining Company, 207 U.S. 1, 28 S.Ct. 15, 52 L.Ed. 65; Barnes v. Boyd, 4 Cir., 73 F.2d 910, certiorari denied 294 U.S. 723, 55 S.Ct. 550, 79 L.Ed. 1254.

■ Here, however, the controversy is between two groups of co-tenants. The appellees have not been ousted. They cannot maintain an action in ejectment. Barnitz's Lessee v. Robert Casey, 7 Cranch 456, 3 L.Ed. 403; Kyle v. Hibbs, 281 Pa. 102, 126 A. 248; Satterlee v. Umenthum, 47 S.D. 372, 198 N.W. 823; Allen v. Long, 80 Tex. 261, 16 S.W. 43, 26 Am. St.Rep. 735; Duncanson v. Howell, Tex. Com.App., 222 S.W. 232; Avey v. Hogancamp, 172 Ky. 675, 189 S.W. 917; Sam v. Allen, 152 Miss. 572, 120 So. 568; Higbee v. Rice, 5 Mass. 344, 4 Am.Dec. 63;

Carpentier v. Mendenhall, 28 Cal. 484, 87 Am.Dec. 135. No plain, adequate and complete remedy at law is available to them. In exceptional circumstances of this kind they may maintain the action to quiet title in the United States court, diversity of citizenship and the requisite amount involved being present. Holland v. Challen, 110 U.S. 15, 3 S.Ct. 495, 28 L.Ed. 52; Lancaster v. Kathleen Oil Company, 241 U.S. 551, 36 S.Ct. 711, 60 L. Ed. 1161; Twist v. Prairie Oil & Gas Company, supra; Stuart v. Union Pac. R. Co., supra; Roubedeaux v. Quaker Oil & Gas Co. of Oklahoma, 8 Cir., 23 F.2d 277, certiorari denied 276 U.S. 636, 48 S.Ct. 421, 72 L.Ed. 744; Jefferson v. Gypsy Oil Co., 8 Cir., 27 F.2d 304.

■ Jurisdiction to entertain the second cause of action is also challenged. The argument is that such cause for an accounting is one in personam, that only constructive service of process was had upon them, and that service of such process did not confer jurisdiction to entertain an action of that kind. It is sufficient to say that the appellees answered, joining issue on the second cause. Their general appearance subjected them to the jurisdiction of the court and rendered immaterial and obsolete any question touching the manner in which process had been served upon them.

■ The action of the court in entertaining the second cause of action is challenged on the further ground that a bill for accounting brought by one out of possession claiming to be a joint owner will not lie until the question of title has been determined. The contention is in conflict with Rule of Civil Procedure 18(a), 28 U.S.C.A. following section 723c, which expressly authorizes the joinder in a complaint of as many claims either legal or equitable or both as plaintiff may have against defendant. It would be a plain infringement of the rule to say that a cause of action to quiet title and a cause for rents and revenues derived from the property cannot be joined in a single suit.

■ Complaint is made that a trial by jury was denied. The Seventh Amendment to the Constitution of the United States guarantees the right of trial by jury in all civil suits at common law in which the value in controversy exceeds twenty dollars; and section 12, article 2 of the Constitution of New Mexico, pro-

vides that the right of trial by jury as it theretofore existed shall be secured inviolate. But, as already said, the first cause of action is a suit by co-tenants against co-tenants solely and exclusively to quiet title to an undivided interest in real property. There has been no ouster; possession is not sought; it is not in issue. Neither possession nor any other issue at law being in anywise involved, and the action being essentially one in equity rather than one in the nature of ejectment, or otherwise at law, the court properly denied the demand for trial by jury. Sittler v. Wittstruck, 122 Neb. 452, 240 N.W. 562; Frank v. Smith, 138 Neb. 382, 293 N.W. 329, 134 A.L.R. 458; Reddy v. Graham, 110 Kan. 753, 205 P. 362; Funk v. First Nat. Bank of Miami, 185 Okl. 604, 95 P.2d 589; Thomson v. Thomson, 7 Cal.2d 671, 62 P.2d 358, 117 A.L.R. 1; Santa Ana Mortgage & Investment Co. v. Kinslow, 30 Cal.App.2d 107, 85 P.2d 899; Battle v. Niece, 43 Cal.App. 2d 655, 111 P.2d 455; Halko v. Anderson, 108 Mont. 588, 93 P.2d 956. Cf. Blakemore v. Cooper, 15 N.D. 5; 106 N. W. 566, 4 L.R.A.,N.S., 1074, 125 Am.St. Rep. 574; Grigsby v. Larson, 24 S.D. 628, 124 N.W. 856; Byrne v. McKeachie, 29 S.D. 476, 137 N.W. 343; Thomas v. Mettel, 41 S.D. 322, 168 N.W. 651; Bethany Hospital Co. v. Philippi, 82 Kan. 64, 107 P. 530, 30 L.R.A.,N.S., 194.

Other questions are argued. We have examined them with care and fail to find any merit in them.

The judgment is affirmed.