David H. **RANKIN**, Plaintiff and Appellant,

v.

Donald **IVERSEN**, Defendant and Appellee.

No. 13841.

Supreme Court of South Dakota.

Considered on Briefs Feb. 14, 1983.

Decided Sept. 7, 1983.

Gary F. Colwill of Schmidt, Schroyer, Colwill & Zinter, P.C., Pierre, for plaintiff and appellant.

Bernard E. Duffy of Bergren & Duffy, Fort Pierre, for defendant and appellee.

WOLLMAN, Justice.

This is an appeal from a summary judgment dismissing an action to recover rent. We affirm.

Until early 1974, David H. Rankin, appellant, and J. Lee Rankin, his brother, owned ranch land in Stanley County as tenants in common. The Rankin family trust, of which J. Lee Rankin was the trustee, also owned Stanley County land.

For some thirty years prior to 1974, appellant and J. Lee Rankin operated under an oral land exchange agreement with Donald Iversen, appellee, under which Iversen utilized the cotenancy Rankin land that lay within Iversen's ranch unit, and appellant and J. Lee Rankin utilized an equivalent amount of land owned or leased by Iversen.

In early 1974, J. Lee Rankin sold the Rankin trust land and his interest in the cotenancy land to the Bad River Cattle Company. Appellant declined to sell his interest in the cotenancy land.

Shortly before this sale, appellant advised Iversen that if Iversen continued the land exchange agreement with Bad River Cattle Company, appellant would expect payment for his one-half interest in the cotenancy land.

Iversen continued to utilize the cotenancy land covered by the exchange agreement during the years 1974–1978. In April of 1978, Bad River Cattle Company and appellant partitioned the cotenancy property, with appellant becoming the sole owner of the property that had been covered by the exchange agreement with Iversen. Thereafter, appellant brought this action against Iversen to recover the reasonable rental value of appellant's one-half interest in the cotenancy land for the years 1974–1977.

A lessee under a lease made by one cotenant alone becomes a cotenant with the non-leasing cotenant for the term of the lease. Because each cotenant is entitled to possession of the property, the non-leasing cotenant may not bring an action for ejectment against the lessee unless the latter has by some act ousted the former. *Satterlee v. Umenthum*, 47 S.D. 372, 198 N.W. 823 (1924).

As a general rule any of the cotenants may lease his undivided interest in the common property, either with or without the consent of the other cotenants, and by such lease, whether it be of the property generally, or specifically of his undivided interest, he will confer upon the lessee his full right to occupy and enjoy the premises. The lessee becomes, as against the lessor's co-owners, equally entitled to the possession and use of the whole property, and becomes for the term of the lease substantially a tenant in common of the nonjoining owners. . . . In most jurisdictions the lessee does not become liable to pay the nonjoining owners rent, or anything as for the value of his use and occupation while they are not excluded.

20 Am.Jur.2d, Cotenancy and Joint Ownership § 101, p. 202 (1965) (footnotes omitted).

We agree with the trial court that on the basis of the showing made in opposition to the motion for summary judgment, there exists no genuine issue of fact on the question of ouster. Thus no cause of action lies to recover rent for appellant's undivided interest in the property.* SDCL 15–6–56(c); *Wilson v. Great Northern Railway Co.* 83 S.D. 207, 157 N.W.2d 19 (1968).

The judgment is affirmed.

FOSHEIM, C.J., and DUNN and MORGAN, JJ., concur.

HENDERSON, J., concurs specially.

HENDERSON, Justice (concurring specially).

On the morning of trial, i.e., March 9, 1982, appellee filed a trial brief and orally

---

* We note that counsel on appeal did not represent appellant in the trial court.

moved for summary judgment. Appellant consented to such a hearing without any prior notice. A bench decision was then granted for summary judgment in favor of appellee, but terms were assessed against appellee. Some seventeen days passed and appellee served appellant with a proposed Order Granting Summary Judgment and Summary Judgment. Written objections were then filed and the trial court thereupon entered Summary Judgment on April 14, 1982. I find this procedure rather unusual.

No allegation was made in appellant's complaint that he had been excluded from the property in question or denied its peaceable enjoyment. This action was brought for damages and without such allegation no damages could flow. *See* 4 Thompson on Real Property, Cotenants' Liability for Use and Occupation of Premises, § 1805, at 167 (1961). The pleading was fatal.

Thus, from the pleadings, and as a matter of law, appellee was entitled to summary judgment.